PARKER v. NEW YORK LIFE INS. CO.*

(Division A. March 1, 1926.)

[107 So. 198. No. 25470.]

DEATH. *That person was fugitive from justice held insufficient to rebut statutory presumption of death from absence for seven years (Code 1906, section 1914; Hemingway's Code, section 1574).*

The presumption created by section 1914, Code 1906 (section 1574, Hemingway's Code), that a person who absents himself from this state for seven successive years without being heard of is dead, can be rebutted only by proof that he was alive within that time; the mere fact that he was a fugitive from justice is insufficient for that purpose.

*Corpus Juris-Cyc. References: Death, 17 C. J., pp. 1168, n. 32; 1173, n. 76, 86; Presumption of death from absence, see note in L. R. A. 1915B, 729; 8 R. C. L., p. 713; 4 R. C. L. Supp., p. 570.

APPEAL from circuit court of Wayne county.

HON. R. M. BOURDEAUX, Judge.

Action by Mrs. Mary E. Parker against the New York Life Insurance Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

*F. B. Collins,* for appellant.

The appellant, Mrs. Mary E. Parker, not having any direct proof of the death of the insured based her right to recover on the provisions of section 1914, Code of 1906 (section 1574, Hemingway's Code).

It is our contention that when the plaintiff made proof of the fact that the insured disappeared more than seven years prior to the bringing of the suit and that since that time no member of his family or any one else, so far as they had been able to learn, after diligent search and inquiry, had ever heard any tidings from him, it was the duty of the court and jury under the law to presume that he was dead; and the burden was then on the defendant to make proof that he was living within that period of time. And no such proof was made in this case.

Under the statute, one *shall* be presumed to be dead, regardless of what might have caused him to remain absent from the state if he shall absent himself from this state for seven years without being heard from during said time. In support of our construction of this statute, see *Hoyt* v. *Newbold,* 46 Am. Rep. 757, wherein the court was construing the provisions of a New Jersey statute which is similar to the provisions of our own statute.

According to the instructions granted by the court below to the defendant in this case, the statute was given an entirely different and erroneous construction. The statute makes no exceptions; but, on the other hand, provides that when such proof is made, the person who has absented himself or remained beyond the sea or con-

cealed himself, *shall* be presumed to be dead in any case where his death shall come in question,

The rule of the common law was that the motive and cause for the disappearance when coupled with other facts and circumstances might be shown in evidence to rebut the presumption of death. And it was the rule of the common law that if the facts and circumstances were such as to account for the person's not being heard from within the seven-year period, then under such exceptional cases, the court and jury were not bound to presume that the absent person was dead. But the statute under consideration does not make any such exceptions.

The verdict of the jury was contrary to the law and the evidence. This was because of the erroneous instructions given them on behalf of the defendant by the court below.

*Deavours & Hilbun,* for appellee.

The appellant had no direct proof of the death of the insured. The evidence of the condition of the insured at the time of his disappearance showed the very antithesis of death. He was young, strong, vigorous, physically and mentally fit, and in every way showed evidence of active, joyous life and activity. The only possible evidence that did indicate death was that of his disappearance and the presumption of death created by section 1914, Code of 1906 (section 1574, Hemingway's Code).

Counsel contends that facts and circumstances of the disappearance were not sufficient to go to the jury to rebut the presumption of death created by the statute; that because the appellant did not introduce direct evidence that the insured was alive within the seven-year period, the court should have granted a directed verdict against appellee, even though counsel for appellant did not request such a verdict at any time during the trial.

520  PARKER *v.* N. Y. LIFE INS. CO.  [Sup. Ct.

Brief for Appellee.   [142 Miss.

The statute invoked by appellant was carefully considered and construed by this court in *New York Life Ins. Co. v. Brame,* 73 So. 806, 112 Miss. 828, L. R. A. 1918B 86. The rule adopted in that case is that where a person is shown not to have been heard of for seven years by those who, if he had been alive, would naturally have heard of him, such person is presumed to be dead, *unless the circumstances of the case are such as to account for his not being heard of without assuming his death.*

This rule was embodied in the instructions complained of. Appellee introduced in evidence the strongest kind of facts and circumstances to show the cause of the disappearance of the insured without assuming his death. There was nothing in the world to show the likelihood of the insured's death at the time of his disappearance. In fact, the very opposite of sickness and accident and death is shown. The record discloses the strongest imaginable facts and circumstances to account for his not being heard of without assuming his death.

Appellant contends, in substance, that the presumption created by this statute cannot be overcome unless proof of life be made by direct evidence. This is not the true rule. The presumption of death by absence, under the statute, is not a conclusive presumption; but may be rebutted by the proof of facts and circumstances inconsistent with and sufficient to overcome such presumption. When there is any evidence to rebut the presumption of death, as was introduced in this case, it is for the jury to say whether such evidence is sufficient to rebut the presumption. See *New York Life Ins. Co. v. Brame,* 73 So. 806, 112 Miss. 828, L. R. A. 1918B 86; *Equitable Life Assurance Society of the United States v. James,* 127 N. E. 11.

There was no error by the court below in granting appellee the instructions complained of.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment denying the appellant a recovery on an insurance policy on the life of her son, Robert M. Parker, in which she is the beneficiary.

The death of Robert M. Parker was not proven, but he disappeared more than seven years before the suit was brought, and has not since been heard of. To rebut the presumption of Parker's death arising from his unexplained absence from the state, the appellee introduced in evidence, over the appellant's objection, the fact that Parker, just prior to his disappearance, was placed under bond to await the action of the grand jury on a criminal charge; that he was indicted therefor just about the time of his disappearance, forfeited his bond, and is now apparently a fugitive from justice. The court charged the jury for the appellee that if they believed from the evidence that Parker had absented or concealed himself "because of his being a fugitive from justice, and in his efforts to escape trial for an offense charged against him in the courts, then it is the sworn duty of the jury to return a verdict for the defendant."

No request was made by the appellant for a directed verdict, and among the assignments of error are the granting of the instruction hereinbefore referred to, and that "the verdict of the jury was contrary to the law and the evidence."

Section 1914, Code of 1906 (Hemingway's Code, section 1574), provides that:

"Any person who shall remain beyond the sea, or absent himself from this state, or conceal himself in this state, for seven years successively without being heard of, shall be presumed to be dead in any case where his death shall come in question, unless proof be made that he was alive within that time; but any property or estate recovered in any such case shall be restored to the person evicted or deprived thereof, if, in a subsequent action, it shall be proved that the person so presumed to be dead is living."

The presumption that a person who absents himself from this state, etc., for seven years successively without being heard of is dead, can be rebutted under the express provision of the statute only by proof "that he was alive within the time." Assuming, for the purpose of the argument, that the continued existence of a person who has absented or concealed himself for more than seven successive years can be proven by circumstantial evidence, the mere fact that he was a fugitive from justice is insufficient for that purpose. He may have fled from justice, but *non constat* he may have died in the meantime. Whatever the rule in this connection may have been at common law, and as to which we express no opinion, the statute must control here. The case of *New York Life Insurance Co.* v. *Brame,* 73 So. 806, 112 Miss. 829, L. R. A. 1918B, 86, relied on by counsel for appellee, is not in point. In that case there was no contention that the presumption of death had been overthrown, and the court's discussion of the presumption created by the statute was in connection with its holding "that the burden of proof is upon the party who wishes to prove the death at any particular time within the seven years."

The instruction complained of should not have been given, and the verdict should have been for the appellant.

*Reversed and remanded.*