EWING, Appellant, vs. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

*October 13—November 9, 1926.*

*Death: Presumption from seven years' absence: Wife leaving husband's home: Reasons for leaving immaterial: Not necessary to show diligent search to establish presumption.*

1. Proof that plaintiff's wife had been absent from her home and unheard from for over seven years raises a presumption that she was dead and entitles the husband to recover insurance on her life, although there was evidence that she left home because she was dissatisfied, and before the seven-year period had begun had written her husband that he would never see her again. p. 300.

2. To raise the presumption of death it is not necessary that the reasons for leaving home be unexplained, and when the seven-year period has elapsed the presumption can be rebutted only by proof that the absent person is alive. p. 300.

3. One who asserts a presumption of death from an absence of seven years and lack of intelligence and tidings need not show diligent search. p. 301.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

Action begun in the civil court of Milwaukee county upon an insurance policy upon the plaintiff's wife. The proof showed that over seven years ago she left their home in Milwaukee; that she was heard from once since then, a letter from Marquette, Michigan, reaching him saying that he would never see her again and bidding him good-by. Such letter was received more than seven years before the action was begun. It also appeared that just before she left home she had all the furniture stored in a warehouse and told a friend and neighbor that she was dissatisfied and was going away. There was some evidence that she had several times attempted suicide. Her age is not clearly established, but she was over forty years at the time of the trial.

The civil court entered judgment in favor of the plaintiff. Upon appeal to the circuit court the judgment was reversed and judgment entered for defendant.   Plaintiff appealed.

For the appellant the cause was submitted on the brief of *Lines, Spooner & Quarles* of Milwaukee.

For the respondent there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Albert K. Stebbins,* of counsel, all of Milwaukee, and oral argument by *Mr. Stebbins.*

VINJE, C. J.   In reversing the judgment of the civil court the circuit court said:

"I cannot reach the conclusion which the trial court did that the absence of Mrs. Ewing is unexplained.   Her age is such that she might very well be alive.   She left because conditions at home were unsatisfactory.   She has not corresponded with her husband because she informed him when she left he never would hear from her again.   Some other evidence must be produced before the plaintiff can prevail."

We think the circuit court missed the gist of the basis for the presumption of death that obtains in case a person is absent for seven years or more without intelligence or tidings from him.   It is not necessary that the reasons for leaving home should be unexplained in order to raise the presumption of death.   It is sufficient that no intelligence or tidings from the absent one has been received for seven years or more by those to whom such intelligence would be most likely to be given.   In *Miller v. Sovereign Camp W. O. W.* 140 Wis. 505, 122 N. W. 1126, the rule as stated in Greenleaf on Evidence is adopted and approved, and quoted thus:

"After the lapse of seven years, without intelligence concerning the person, the presumption of life ceases, and the burden of proof is devolved on the other party. . . . It is sufficient if it appears that he has been absent for seven

years from the particular state of his residence without having been heard from." 1 Greenleaf, Evidence, § 41.

The proof in this case meets the requirements of the rule. In addition to the cases cited in the *Miller Case,* see *Page v. Modern Woodmen of America,* 162 Wis. 259, 156 N. W. 137; *White v. Brotherhood of Locomotive Firemen,* 165 Wis. 418, 162 N. W. 441. It has been held that the presumption of death arising from an absence of seven years without being heard from is not rebutted by proof that the absentee was a fugitive from justice. Only proof that he was alive within the period will rebut it. *Parker v. New York L. Ins. Co.* (Miss.) 107 South. 198; but see note to this case in 44 A. L. R. 1488.

While it is true that an explanation why a person leaves home is in a sense an explanation of his absence, yet the rule is satisfied by a lack of intelligence or tidings for seven years even if a reason for the absence is shown. Were it otherwise the presumption would never attach where any reason for leaving is given, and in such case no recovery could ever be had except upon proof of actual death. In most cases some reason for leaving can be given, but that does not prevent the presumption from becoming effective where no intelligence or tidings have been received for over seven years.

In our state plaintiff need show no diligent search. It is enough that he shows absence and lack of intelligence for seven years. *Miller v. Sovereign Camp W. O. W.* 140 Wis. 505, 122 N. W. 1126.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff.