## Charles C. Gayton, Appellee, v. Equitable Life Assurance Society of the United States, Appellant.

### Gen. No. 7,771.

1. INSURANCE—*admissibility of evidence as to insured's actions before disappearance.* In an action to recover on a policy on the life of one alleged dead after long absence, the testimony of a witness was admissible that he drew a will for the insured shortly before his disappearance and that insured's nervousness and actions at the time attracted his notice.

2. INSURANCE—*admissibility of letter stating insured's relatives' belief in his death.* In an action to recover on a policy on the life of one alleged dead after long absence, a letter to the insurer stating that the widow and children of insured believed him dead was inadmissible as self-serving and as invading the jury's province.

3. INSURANCE—*admissibility of letter stating beneficiary's belief in insured's death.* In an action on a policy on the life of one alleged dead after long absence, a letter to the insurer to the effect that in the opinion of the beneficiary the insured was dead furnished the jury an opinion on an issue it was to determine and was inadmissible.

4. INSURANCE—*insurer's right of inquiry into disappearance of insured claimed dead after long absence.* In an action on the policy on the life of one alleged dead after long absence, the insurer may inquire whether the insured was prosperous at the time of his disappearance, whether he was free from suspicion of guilt of any crime, whether his domestic life was peaceful, whether he was a man of rectitude or sub-

ject to disgrace, and into all other circumstances surrounding him at that time.

5. INSURANCE—*admissibility of evidence showing insured's forgery before disappearance.* In an action on a policy on one alleged dead after long absence, it was error for the court to refuse admission in evidence of a court record showing insured had committed forgery shortly before his disappearance.

6. INSURANCE—*propriety of instruction permitting jury to find insured's death from long absence regardless of cause.* In an action on a policy on the life of one alleged dead after long absence, an instruction that even though insured had reason for leaving home if he was absent for seven years and his relatives had been unable to find him, the jury might find him dead, was erroneous in depriving the insurer of the defense that the insured was a criminal and had reason for disappearing.

7. DEATH AND SURVIVAL—*how presumption of death from long absence overcome.* The presumption of death from long absence is one of law and fact which will be rebutted if the circumstances shown account for the person's absence without assuming his death.

Appeal by defendant from the Circuit Court of Winnebago county; the Hon. ARTHUR E. FISHER, Judge, presiding. Heard in this court at the April term, 1927. Reversed and remanded. Opinion filed September 24, 1927.

LATHROP, LATHROP & BROWN, for appellant.

HALL & DUSHER, for appellee.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

This is an action of trespass on the case on promises, brought in the circuit court of Winnebago county by Charles C. Grayton, appellee, against the Equitable Life Assurance Society of the United States, a corporation, appellant, to recover the sum of $2,000, claimed to be due and payable according to the terms and provisions of a certain insurance policy issued by the appellant on the life of William Henry Moore and payable to Charles C. Grayton, appellee, as beneficiary.

A jury trial was had and the jury found the issues for the appellee and assessed his damages in the sum

of $2,000 with interest at 5 per cent for one year, two months and ten days. The total amount of the verdict when computation was made by the jury was $2,119.43. A motion for a new trial filed by the appellant was overruled and judgment rendered on the verdict of the jury in favor of said appellee and against appellant for $2,119.43, together with costs, and this appeal followed.

The declaration consists of a special count and the common counts. In the special count it is averred that on, to wit, May 29, 1917, the defendant was in the business of insuring the life of persons and issuing policies thereon; that on said date the defendant executed and delivered a policy of insurance on the life of William Henry Moore, in and by which said defendant agreed to pay the sum of $2,000 to Charles C. Gayton, brother-in-law of the said William Henry Moore, in which said policy the plaintiff was named as Charles C. Goyton, but the plaintiff avers that he is the person mentioned in said insurance policy by such last-mentioned name in and by which said policy of insurance the defendant insured the life of William Henry Moore against death.

The plaintiff further averred that after the issuance of said policy, the plaintiff, or those acting for him, and the said William Henry Moore, or those acting for him, caused the premiums to be fully paid from time to time so that said policy was in full force and effect on the date of the death of the said William Henry Moore as hereinafter mentioned.

It was further charged that on May 31, 1918, the said William Henry Moore disappeared from his home and from his family and from the place where he had lived and conducted business in Rockton, Illinois, and thereafter the said William Henry Moore has not been seen or heard from by members of his family and that diligent effort and inquiry has been made to locate the said William Henry Moore and to ascertain his

whereabouts, all of which efforts have failed, and during all of said time since the said date to the present time the said William Henry Moore has not been heard from by any members of his family or any of his friends and acquaintances and the plaintiff says that on, to wit, May 31, 1925, the said William Henry Moore died.

The plaintiff averred in his declaration that upon the disappearance of said William Henry Moore the defendant was notified of said disappearance and notified 'of all of the facts and circumstances surrounding the same and that the plaintiff or those acting for him and his acquaintances and friends have, from time to time, orally advised the said defendant through its officers and agents of all of the facts with reference to the then present situation with regard to the disappearance of the said William Henry Moore and plaintiff averred that after the death of the said William Henry Moore, as above mentioned, he applied to the defendant and requested the defendant to furnish him proofs of death to be used in such case to be made and executed by him and returned to the said company but that the defendant failed to furnish proof of death to be executed by the plaintiff and that the plaintiff furnished the defendant all of the information he had upon the subject and that the defendant waived the filing of other or different proof of loss.

It is then averred that upon the death of Moore the defendant became and was liable to pay to the plaintiff the sum of $2,000 and that the plaintiff has heretofore requested the defendant to pay same and the defendant has neglected and failed so to do to the damage of the plaintiff in the sum of $2,500.

To the declaration the defendant pleaded the general issue and a special plea in which the defendant set up the fact that neither the appellee nor anyone in his behalf had furnished to appellant any proof of whatsoever kind or nature of the death of the insured

and that the appellant had not received due proof of the death of the said Moore and this said appellant was ready to verify.

A demurrer was filed to the special plea which the court sustained and appellant asked leave to file another special plea which was denied.

It is provided in the policy of insurance of date May 29, 1917, that the appellant insured the life of Moore and agreed to pay at its home office in the city of Rockford $2,000 to his brother-in-law, Charles C. Gayton, beneficiary, upon receipt of due proof of the death of the insured, provided premiums had been duly paid, and provided the policy is then in force and then surrendered properly released.

A number of reasons are assigned by the appellant for a reversal of the judgment. David D. Madden testified on the part of the appellee that he last saw William Henry Moore on May 29, 1918; that Moore came to his office and talked to him about making his will; that a draft of the will was prepared, read to Moore, and the same was taken away by Moore, but it was not executed. The original will was not produced and no proof of the execution of the instrument prepared by Moore was made. Madden also testified that Moore was nervous and that his actions attracted his attention. Appellant made a motion to strike this evidence from the record. The motion was denied. No error was committed in admitting the testimony of the witness with respect to the preparation of the will for Moore, and as to his appearance and actions at the time.

It further appears that Madden, while representing appellee, on June 29, 1925, wrote a letter to the appellant company and requested a form of claim to be executed in making proof of death. It was also stated in the letter "that the plaintiff as well as insured's widow and heirs-at-law believe him (Moore) to be deceased." Appellee objected to the letter being ad-

mitted in evidence; the objection was overruled. The letter should not have been admitted. It is immaterial what beliefs the widow and heirs entertained and the statement was prejudicial to the defendant. It constituted a highly self-serving document and has no probative force. It invaded the province of the jury.

Appellee offered in evidence a letter, written by him to the appellant on May 6, 1919, in which appellee stated, among other things, that Moore had written him two letters on the date he left home and told him of his failure. The following also appeared in the letter: "His letters stated that he would write when he could and send money to his wife; these things he has not done, however, which leads to the suspicion that he may not now be alive." The letter was admitted over the objection of the appellant. It will be observed that the beneficiary, who is the appellee in this proceeding, by the introduction of the letter was permitted to give to the jury a written statement, wherein he in substance stated that in his opinion the insured was dead. The statement furnished to the jury an opinion on the issue that it was to determine and should not have been admitted in evidence.

Appellant on the trial of the cause offered in evidence the findings of the United States District Court for the northern district of Illinois, in which it was, among other things, found that William Henry Moore, a bankrupt, did fraudulently receive from the Adolph Kempner Company, a corporation, by means of three forged bills of lading, the sum of $4,600. The forgery of the bills of lading by Moore was one of the facts upon which the appellant relied to account for the sudden disappearance of Moore. The evidence shows that the forgery had been made within a period of two weeks prior to the insured's disappearance.

In cases of this character when a suit is instituted to recover upon an insurance policy and the beneficiary relies upon the presumption of the death of the insured

by reason of his absence for seven years, it is always a matter of proper inquiry to investigate whether such person was in comfortable or disturbed circumstances; whether he was free from suspicion of guilt of any crime; whether his domestic life was peaceful or turbulent; whether he was a man of rectitude and of good esteem or one who was guilty of moral turpitude and subject to humiliation or disgrace. In fact an inquiry can be made into all of the circumstances then surrounding him. It was pertinent to show that the insured, Moore, was at least charged with being a defaulter. It matters not whether he was a party to the proceeding in which the finding was had or not. The essential thing is, Was he being so accused and would he have an opportunity to know of the accusation? We are of the opinion the court was in error in refusing to admit the order of the District Court of the United States.

It is insisted by appellant that instruction No. 1 given on the part of appellee is erroneous. The instruction is as follows:

"The court instructs the jury that it is the continued absence of a person for a period of seven years during which his relatives, friends and others interested in him have made diligent search to find him, and have heard nothing from him or concerning him that raises the presumption of death, and you are instructed that while you may take into consideration any reasons he had for leaving at the time he did, yet you are instructed that it is the continued absence for a period of seven years, without his relatives, friends and others interested in him, or who might be likely to hear from him, after having made diligent search for him, not having heard from or concerning him, and in this case, even though William Henry Moore had some reasons for leaving his home and friends, yet you are instructed, if you believe from a preponderance of the evidence that he left his home and place of business

and friends and relatives May 31, 1918, and that his relatives and others have sought to find him since that time and have not heard from him or concerning him within a period of seven years prior to the beginning of this suit, then you are instructed that such inability to find him and his continued absence for a period of seven years is sufficient upon which the jury may find a verdict that William Henry Moore was dead at the end of seven years from the time he was last seen or heard from.''

The instruction is argumentative and is erroneous because it tells the jury that even though the insured had some reason for leaving home, nevertheless, if he has been absent for seven years and if his family and relatives have been unable to find him during that time, the jury are authorized to find that he is dead. The instruction entirely deprives the defendant of the defense that the insured was a criminal; that he had a strong motive for disappearing and that he had planned to escape the consequences of his crime.

Appellee cites *Policemen's Ben. Ass'n of Chicago v. Ryce*, 213 Ill. 9, local page 14, as approving this instruction. In the *Ryce* case a similar instruction was given. It was there held not to be reversible error because other instructions in the series were considered sufficiently explicit to remove the error. The court on page 16 said: ''The instructions, considered as one charge, authorized the jury to take into consideration the circumstances, attending the disappearance of the insured, and bearing upon the question whether he was dead or not.''

It is well settled that long absence alone no matter how long continued is not sufficient to raise the presumption of death. The absence must be unexplained for if the cause of absence is known and explained no presumption will arise. The presumption of death from unexplained absence is not, however, a presumption of law but a mixed presumption of law and fact,

which may be rebutted, and it will not be indulged where the circumstances of the case are such as to account for the absence of the person without assuming his death. We are of the opinion that the giving of instruction No. 1 on the part of appellee was reversible error.

Other questions are argued but in view of the conclusion we have reached we do not deem it necessary to discuss them.

The judgment of the circuit court of Winnebago county will be reversed and the cause remanded, which is accordingly done.

*Reversed and remanded.*