JOHN MECKERT, EXECUTOR OF THE LAST WILL AND TESTAMENT OF MATHILDA BOEDDINGHAUS, DECEASED, PLAINTIFF-RESPONDENT. v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, DEFENDANT-APPELLANT.

Submitted October 26, 1934—Decided January 10, 1935.

For the respondent, *I. George Koven.*

For the appellant, *John Drewen* (*Randolph Perkins,* of counsel, on the brief).

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the Essex County Circuit Court.

The facts in the case are that The Prudential Insurance Company issued a policy of insurance on the life of one Hugo Boeddinghaus for the sum of $1,000. The beneficiary was his wife, Mathilda Boeddinghaus. The insured disappeared from his residence in West New York in the month of October, 1924. He had not been seen or heard from since his disappearance. Inquiry was made as to his whereabouts and he could not be found. Premiums on the policy in the meantime had been paid. Suit was brought

by the beneficiary on December 29th, 1932, which was more than seven years after his disappearance. It appears that the insured had forged a check for $100 and disappeared. After suit was brought Mathilda, the wife of the insured, died and the executor of her will became the plaintiff in the suit. Judge Robbins submitted the case to the jury and the jury rendered a verdict in favor of the plaintiff and against the defendant for the sum of $1,000, interest and costs. From the judgment entered thereon the defendant appeals here.

The first ground of appeal is that at the close of the whole case the judge erred in refusing to direct a verdict in favor of the defendant. In addition to the fact that the insured was a forger there was evidence that he was a hard drinker, that he was run down mentally and physically at the time he left his home and there was evidence that there was no one who had heard from him since he left. We think the trial judge properly ruled in this respect. The section of the statute relied upon by the plaintiff is as follows:

"That any person, whether a resident of this state or not, who shall remain beyond sea or absent himself or herself from this state, or from the place of his or her last known address, for seven years successively, shall be presumed to be dead, in any case wherein his or her death shall come in question, unless proof be made that he or she were alive within that time * * *." 2 *Comp. Stat., p.* 1904.

Chancellor Magie, in writing the opinion of *Meyer* v. *Madreperla,* 68 *N. J. L.* 258, said:

"By the construction given by our courts to the Death act * * * I apprehend that it has been properly determined that proof of the absence of a person, whose existence is in question, from the state or from his last known residence for a period of seven successive years defeats the presumption of continuance in life, and raises a counter-presumption of death. This counter-presumption of death is not a presumption of fact, but a presumption of law, which, in the absence of proof rebutting such presumption, stands as proof of death. The presumption raised by the statute upon such proof is not a mere presumption of death, but is also a presumption fixing

the time of death at the expiration of the seven successive years of absence unheard from."

Mr. Justice Joel Parker, in writing the opinion for the Supreme Court, in the case of *Hoyt* v. *Newbold,* 45 *N. J. L.* 222, referring to the statute of March 7th, 1797, which is similar to the present statute, said:

"This statute declares that there shall be presumption of the death of a person who absents himself from this state for seven successive years, unless it be proved that he was living within that time; and if it shall be proved that he is living, his rights shall be restored.

"The plaintiff insists that the burden of proof is on the defendant to show that Abraham Tuers, Jr., was dead when the deed to plaintiff was given. The language of the statute will not admit such construction. The presumption of death after continued absence of over seven years successively, must be overcome by proof that the person was living."

Chancellor Halsted, in writing the opinion of *Smith* v. *Executors of Smith,* 5 *N. J. Eq.* 484, 485, construing the statute above referred to, said:

"The words of the statute and the reason of the thing require that, unless proof be made that the person absenting himself has been heard from, the presumption of his death arises at the expiration of seven successive years of absence. The party seeking to avoid this presumption, or, rather, to prevent its arising, can do it only by showing that the absent person was alive within the seven years."

Chancellor Green, in the case of *Clarke* v. *Canfield,* 15 *N. J. Eq.* 119, said:

"The language of the statute * * * clearly indicates that an arbitrary rule was designed to be established by which the rights of the parties litigant might be determined in the absence of more unequivocal proof, however inconsistent that presumption might be with the actual truth of the case."

Irrespective of the decisions by the courts of this state, counsel for appellant argues that the fact that the insured was a fugitive from justice overcomes the presumption of death to which the above-mentioned statute refers. The fact

that the insured was wanted for forgery or other crimes may have been a motive for disappearing but such reason would not be sufficient for remaining away for a period of over seven years and, therefore, such fact would not overcome the presumption of death as a matter of law. *Ewing* v. *Metropolitan Life Insurance Co.*, 191 *Wis.* 299; 210 *N. W. Rep.* 819; *Rodskier* v. *Northwestern Mutual Life Insurance Co.*, 248 *N. W. Rep.* 295; *Parker* v. *New York Life Insurance Co.*, 107 *So. Rep.* 198; 44 *A. L. R.* 1487. The weight of authority in this country seems to sustain the above views.

The next ground of appeal is that the court erred in refusing to charge the following requests:

"Third request: In arriving at your determination you will consider the man, his character, habits, business, property, health, and age as shown by the evidence. Human experience demonstrates that a kind, good, well-providing husband and father, of good health and young in years, possessed of property or business, is less likely to absent himself from his family than would an unkind, bad father and husband possessed of no property.

"Fourth request: The presumption is based on a probability, that is, after seven years' absence unheard of, the probability is the person is dead but if an equal or greater probability is shown by the evidence which explains the years of absence and negatives the theory of death the presumption falls."

"Fifth request: You may consider also the time and circumstances of his leaving as shown by the evidence. Did he leave at a time when reasonable men would remain or leave?"

The third request we think was improper because it required the jury to assume that a good husband is less likely to leave his family than a bad one, which obviously may not be the case as a question of law.

The fourth request we think was covered in the judge's charge in so far as it was proper.

The fifth request we think was covered by the court's charge. The court by his charge very explicitly left to the

jury the question as to whether or not the presumption of death had been overcome by the evidence submitted on the part of the defendant.

It is also argued by counsel for appellant, and urged as a ground for reversal, that the court did not fully instruct the jury as to the law which governed this case. There were no exceptions taken by counsel for the appellant to the charge of the court nor was this point made a ground of appeal. It, therefore, will not be considered as a ground for reversal.

The judgment under review is, therefore, affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.