George E. Whitten, Administrator of the Estate of Paul Durgala, Deceased, Appellee, v. John Hancock Mutual Life Insurance Company of Boston, Massachusetts, Appellant.

Opinion filed September 16, 1935.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and JOHN C. ROBERTS, all of East St. Louis, for appellant.

JOHN B. HARRIS, of Granite City, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Paul Durgala disappeared from his home in Granite City on or about October 30, 1924, and has not been heard from since. Appellant issued two policies of insurance on his life, one dated May 22, 1918, for $167; the other dated July 16, 1924, for $260. The policies show Paul to have been about 15 years of age at the time of his disappearance. His mother was named as beneficiary in each of said policies. She died in December, 1930. In November, 1932, appellee was appointed administrator of Paul's estate on the presumption of death that arises from seven years' unexplained absence. Appellee seeks to recover on said policies. The case was tried with a jury, resulting in a verdict and judgment for appellee.

The errors relied upon for reversal are the rulings of the court in overruling appellant's motion for a directed verdict, in permitting appellee to reopen the

case after the evidence had been closed and amend his pleadings, the giving of instructions and in overruling appellant's motion for a new trial.

The evidence shows that Paul Durgala's father died in May, 1922; that his mother remarried in June following; that he made his home with his mother, stepfather and his sister, who was at the time of his disappearance about eight years of age. In August, 1922, Paul had been committed to the school for delinquent boys at St. Charles and was paroled from that institution to his stepfather in January, 1923. After he was paroled, he worked one month at the National Lead Company where his stepfather was employed. At the time he quit his employment, he owed a company commissary a small account. His stepfather paid it and it does not appear that he had any other trouble at the factory. His mother and stepfather were both employed and Paul and his sister were left at home alone the greater portion of the day. Paul would not attend school and his general conduct was such that he required more discipline than a normal boy of his age. It does not appear that his stepfather took any part in disciplining him. His mother punished him, at one time hitting him on the head with a flashlight. It does not appear that the punishments he received or the discipline in any way changed his conduct or that he resented it. Prior to his disappearance, he took his sister's bank book and presented it at the bank and drew her savings of $12.90 and took his stepfather's overcoat.

Appellant contends that surroundings in Paul's home life and his taking property which did not belong to him explain his disappearance and continued absence as a matter of law and overcomes the presumption of death that arises from seven years' absence.

The law is well settled in this State that where a person leaves home with the expectation of returning

thereto within a short time and he remains away and his absence is unexplained and unaccounted for and no intelligence is received from him and he is not heard from, and his whereabouts cannot be ascertained although diligent search and inquiry are made in the vicinity of his home and at such places as he would be likely to go and from such persons as he would be likely to meet and know and nothing is heard from or of him, and he remains away from his family and home for the period of seven years, a presumption arises from these facts that he is dead, unless there are other facts and circumstances shown which will rebut and overcome such presumption of death. *Whiting v. Nicholl,* 46 Ill. 230; *Johnson v. Johnson,* 114 Ill. 611; *Reedy v. Millizen,* 155 Ill. 636; *Hitz v. Ahlgren,* 170 Ill. 60; *Policemen's Benevolent Ass'n v. Ryce,* 213 Ill. 9.

In *Gayton v. Equitable Life Assur. Soc.,* 245 Ill. App. 432, on page 438, the court said, ''It is always a matter of proper inquiry to investigate whether such person was in comfortable or disturbed circumstances; whether he was free from suspicion of guilt of any crime; whether his domestic life was peaceful or turbulent; whether he was a man of rectitude and of good esteem or one who was guilty of moral turpitude and subject to humiliation or disgrace. In fact an inquiry can be made into all of the circumstances then surrounding him.''

''The fact that the absent person is a fugitive from justice does not prevent the presumption from arising, but is admissible to rebut the presumption of death.'' 8 R. C. L. 708, 709; *Ewing v. Metropolitan Life Ins. Co.,* 191 Wis. 299, 210 N. W. 819; *Ashbury v. Sanders,* 8 Cal. 62, 68 Am. Dec. 300; *O'Kelly v. Felker,* 71 Ga. 775.

The proof that Paul's home life was unpleasant, that he was disciplined by his mother and that he dis-

appeared under circumstances indicating he had committed a crime does not as a matter of law overcome the presumption of death. *Equitable Life Assur. Soc. v. James,* 73 Ind. App. 186. Whether such evidence is sufficient to explain his absence thereby overcoming the presumption is a question for the jury. *Kennedy v. Modern Woodmen of America,* 243 Ill. 560.

We have examined the instructions given and those refused and find that the jury was fairly instructed as to the law, that the instructions were clear and not subject to the criticism directed against them.

It is further contended that the court erred in allowing appellee to reopen the case after evidence had been submitted and file a reply alleging waiver of notice. Appellant does not contend that he was surprised by the amendment or proof offered and did not ask for a continuance on that ground. It is within the discretion of the trial court to permit a case to be reopened for further proceedings or evidence after the case has been closed. *Montag v. Linn,* 23 Ill. 551; *Maxwell v. Durkin,* 185 Ill. 546. It may even permit a case to be reopened for the taking of further evidence after the arguments to the jury have begun. *Schwitters v. Springer,* 236 Ill. 271.

There is no reversible error in the record and the judgment of the lower court is affirmed.

*Judgment affirmed.*