ISABELLA BONANNO *vs.* PRUDENTIAL INSURANCE CO. OF AMERICA.

DECEMBER 22, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of assumpsit on a life insurance policy. The insured was James Bonanno, who disappeared from his home in Providence on November 26, 1929 and who, the plaintiff alleges, has not since been heard from. The wife of the insured is the beneficiary designated in the policy and is the plaintiff in the present action. The case was tried in the superior court and resulted in a directed verdict for the plaintiff on her motion therefor.

The defendant insurance company excepted to this ruling and has brought its bill of exceptions to this court. While the bill contains other exceptions which were taken during the trial by the defendant, and which it briefed and argued at the hearing before us, it will, on our view of the evidence,

be necessary to consider here only the exception to the direction of a verdict for the plaintiff.

This exception raises the question whether, on the evidence in this case of the insured's absence from his home for seven years, he must be presumed to be dead as a matter of law, or whether that fact is to be determined by the jury. The defendant contends that the question of the insured's death was clearly for the jury and that the trial justice erred in directing a verdict for the plaintiff. In announcing his ruling from the bench, the trial justice said: "Under all the circumstances as disclosed by the testimony in this case, both for the plaintiff and for the defendant, the court is satisfied that the question presented is really a question of law, and is really that under the circumstances disclosed here the presumption of law that Mr. Bonanno is dead does in fact arise, and it would be your duty if the case was submitted to you for consideration to so decide that he was in fact dead. That being established the question of the liability of the defendant is clear."

Ordinarily in a case of this kind it is seldom that the question whether the presumption of death arises from the evidence can be taken from the jury and decided by the court. "Even if the facts are undisputed, it is the jury that must draw the inferences, save perhaps in exceptional cases." *Fuller* v. *New York Life Ins. Co.*, 199 Fed. 897, 898, 118 C. C. A. 227. "Whether or not the absence is unexplained except by death, or, in fine, whether or not the presumption arises from the evidence is almost always, of necessity, a question for the jury." *Butler* v. *Mutual Life Ins. Co.*, 225 N. Y. 197, 203. It is also a question for the jury whether reasonable diligence has been shown in trying to locate the absent person and whether such absence for seven years was, on the evidence, explainable only on the theory that he was dead. *Axen* v. *Missouri State Life Ins. Co.*, 203 Iowa 555, 564.

The unexplained absence of a person from his home, unheard of by his family or friends for a period of seven years, has been recognized by this court as raising a presumption of death, although there is no express statute to that effect in this state. *In re Truman,* 27 R. I. 209, 213. There is no case in this state, however, in which it has been decided when the evidence relating to such absence raises the presumption of death as a matter of law and when such presumption is to be determined by the jury. Nevertheless, it was said in the *Truman* case, quoting language from 1 Greenleaf on Evidence, § 41: " 'Where the issue is upon the life or death of a person, once shown to have been living, the burden of proof lies upon the party who asserts the death. But after the lapse of seven years, without intelligence concerning the person, the presumption of life ceases, and the burden of proof is devolved on the other party. . . .' "

In other words, where there is evidence of a person's absence from his home for seven years and there is also evidence of no word of him or from him having been received by those who would naturally have had tidings of him, such as members of his family or friends, a presumption of his death arises; but this presumption is rebuttable. Counter evidence of facts and circumstances tending to show that there are reasonable grounds other than his death on which to predicate such absence raises an issue of fact for the jury. See 17 C. J. 1172, 1173, §§13, 14 and 15. Of course where no counter evidence of such a character is introduced and the evidence in support of the presumption is of such a character as to preclude any reasonable difference of opinion as to the cause of the continued absence for so long a period, the presumption that death is the cause becomes conclusive as a matter of law, and in such a case it would be the duty of the trial court to so hold and take the question from the jury. Such a case, however, would be an exceptional

one, as almost always it becomes necessary for the jury to draw inferences even from the undisputed evidence.

Is the instant case such an exceptional one? It is clear from the language of the decision of the trial justice hereinbefore quoted that he thought so. In this we are of the opinion that he erred. It appears from the transcript that the plaintiff presented evidence of the absence of her husband from his home for seven years, lack of any news of him by her or by any of his family during that time, his happy home life, absence of financial difficulties, and also evidence of her efforts to locate him through the police department and notices by her in various newspapers. On the other hand, there is counter evidence presented by the defendant of a nature tending to rebut the plaintiff's evidence of diligence and thoroughness in exploring any reasonable source of information that might lead her to find that her husband was still alive.

It may be that the error of the trial justice was due to his belief in the lack of weight of defendant's rebuttal evidence; but if so, that would not justify him in directing a verdict. This evidence, whatever its weight, tended to raise an issue of fact for the jury. Moreover, even though it were totally lacking in probative force or sufficiently so to justify disregarding it, there was still a question for the jury whether on the plaintiff's own evidence it could reasonably be inferred that her husband's continued absence for seven years was explainable only on the theory of his death. On the plaintiff's motion for a directed verdict it was the duty of the trial justice to view all of the evidence most favorably to the defendant and also to draw all reasonable inferences therefrom in its favor. Observing this rule, we are of the opinion that it was error to direct a verdict for the plaintiff.

Defendant's exception to the direction of a verdict for the plaintiff is, therefore, sustained, and the case is remitted to the superior court for a new trial.

*Benjamin Cianciarulo, Angelo Cianciarulo, Edward A. Capomacchio,* for plaintiff.

*McGovern & Slattery, James A. Higgins,* for defendant.