## STUMP v. NEW YORK LIFE INS. CO.
### No. 4630.

Circuit Court of Appeals, Fourth Circuit.
Aug. 20, 1940.

S. A. Powell; of Harrisville, W. Va. (Mathews & Reed, of Grantsville, W. Va., on the brief), for appellant.

W. T. O'Farrell, of Charleston, W. Va. (Louis H. Cooke, of New York City, and Brown, Jackson & Knight, of Charleston, W. Va., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and CHESNUT, District Judge.

NORTHCOTT, Circuit Judge.

This is an action at law brought by Jessie M. Stump, the appellant, here referred to as the plaintiff, in the Circuit Court of Calhoun County, West Virginia, against the New York Life Insurance Company, a corporation, appellee, here referred to as the defendant. The object of the action was to recover on a life insurance policy issued by the defendant in April, 1915, to Bailey G. Stump, for the sum of $3,000, in which policy his wife, the plaintiff, was named as beneficiary. On the first day of April, 1939, the policy was in full force in the sum of $3,272, and the declaration was filed in May, 1939.

The case was removed by the defendant to the District Court of the United States for the Northern District of West Virginia, on the ground of diversity of citizenship.

The defendant having answered, at a pretrial conference called by the judge below counsel for the parties filed a stipulation of facts and agreed to submit the action to the judge, sitting without a jury.

In March, 1940, the Judge of the District Court filed his findings of fact and conclusions of law together with a written opinion, finding for the defendant. Thereupon the plaintiff moved for a new trial, which motion was denied and judgment entered for the defendant: From this action this appeal was brought.

The plaintiff relies upon the presumption of death under West Virginia Code (1931), Chapter 44, Article 9, Section 1, which reads as follows: "In case any person has been or shall be absent for seven or more successive years from the place of his last domicile within this State; or, having been a resident of this State, has heretofore gone from and has not returned to this State for seven or more successive years; or, being a resident of this State, shall hereafter go from and not return to this State for seven or more successive years; or, being a nonresident of this State and being entitled to, or having an interest in, property in the State, has been or shall be absent for seven or more successive years from the place of his last known domicile; and in any of the foregoing cases shall for such period of time have been, or shall be, unheard of by those who, had he been alive, would naturally have heard of him; such person shall, in any case where his death shall come in question, be presumed in law to be dead, in the absence of proof to the contrary, or unless proof be made that he was alive within that time."

The stipulation of facts shows that the assured left his domicile and place of residence on the seventh day of July, 1924, and has been absent therefrom for more than seven successive years, and to the date of the institution of this action; that for more than seven years prior to the institution of this suit he had been unheard of by his wife, children, relatives and former business associates. The defendant as-

serted that the assured was a fugitive from justice, and that the presumption of death, under the statute, does not arise, or is completely overcome by the facts and circumstances of his departure and absence. There is no dispute as to the facts. The insured at the time of his disappearance was cashier of a bank and shortly after he disappeared the grand jury, of the county in which he resided, returned indictments charging him with a felonious act of embezzlement from the bank in the aggregate amount of more than $12,000, and again in April, 1925, the insured was indicted for having made false entries in the books of the bank. He was also indicted for forgery. All these indictments were pending at the time of the institution of the action and capiases had been issued for the insured and returned not found. A reward had been offered for his apprehension.

In June, 1926, the insured was indicted in the District Court of the United States for the Northern District of West Virginia, for having violated Section 195 of the Federal Penal Code, 18 U.S.C.A. § 318. The insured at the time of his disappearance was married to the plaintiff and had three children, a mother then living and numerous other relatives. At that time he was suffering from ulcers of the stomach and required a special diet.

The sole question involved in this appeal is whether the fact that the insured was shown to be a fugitive from justice is sufficient to overcome the presumption of death, under the West Virginia statute above quoted.

In his opinion, the judge below holds that proof of the mere fact that insured was a fugitive from justice is sufficient to offset the legal presumption that the insured was dead, and construes the words used in the statute "in the absence of proof to the contrary" as referring to the proviso that the insured had been unheard of by those who, had he been alive, would naturally have heard of him. We cannot agree with this construction. The words of the statute are plain and unambiguous and where this is true the statute should be construed according to the clear meaning of the words used and resort may not be had to rules of construction. As we said in Inland Waterways Corporation v. Atlantic Coast Line Railroad Company, 4 Cir., 112 F.2d 753, 755, decided June 10, 1940, "It is only where there is some ambiguity in the statute or some uncertainty as to

the meaning intended that resort may be had to rules of construction of statutes. * * * 'The act must be interpreted by its own terms, * * *.' Omaha & Council Bluffs Street Railway Company v. Interstate Commerce Commission, 230 U.S. 324, 33 S.Ct. 890, 891, 57 L.Ed. 1501, 46 L.R.A.,N.S., 385."

The language of the statute is, "* * * shall for such period of time have been, or shall be, unheard of by those who, had he been alive, would naturally have heard of him * * *." In this connection the judge below, in his opinion says: "In other words, it is now necessary that there be certain persons who would naturally have heard of him, if alive, and that these persons have not heard of him."

The judge then holds that because of the admitted fact that the insured was a fugitive from justice, without considering other admitted facts, such as the condition of his health, his long absence and other circumstances relied upon by the plaintiff, "that plaintiff has not shown facts sufficient to establish the presumption of death under the West Virginia statute." This holding was clearly erroneous. There can be no question but that the admitted facts were sufficient to establish the presumption. The question was whether other stipulated facts were sufficient to rebut it.

The West Virginia statute plainly says, "such person shall, in any case where his death shall come in question, be presumed in law to be dead, in the absence of proof to the contrary, or unless proof be made that he was alive within that time." The words "in the absence of proof to the contrary" plainly refer to the presumption that the missing man is dead and not alone to the proof that he had not been heard from by those who, had he been alive, would naturally have heard of him.

We had occasion to discuss a similar question under the Virginia statute in Metropolitan Life Insurance Company v. Goodwin, 4 Cir., 92 F.2d 274, 276, where we held that under that statute whether there was sufficient proof to offset the presumption of death was a question of fact for the jury. It is not necessary to say, however, that the cause must be submitted to the jury under proper instructions as to the law. Here we are of the opinion that the trial court misconstrued the statute.

In the Goodwin case we said, quoting from the case of Simpson v. Simpson, 162

Va. 621, 175 S.E. 320, 94 A.L.R. 909, "This statute prescribed a true rebuttable presumption of law as distinguished from a presumption of fact (which is in reality merely an inference of a fact from facts proven) and from an administrative assumption of fact."

In his opinion the judge below relies mainly on the case of Van Buren v. City of Syracuse, 72 Misc. 463, 131 N.Y.S. 345. In construing the Virginia statute in the Goodwin case we refused to follow the Van Buren case, and said: "Cases relied upon on behalf of the defendant are not controlling, for the reason that in these cases the presumption of death is held to be a mixed presumption of law and fact and not a presumption of law. Browne v. New York Life Ins. Co. [8 Cir.] 57 F.2d 62. See, also, Butler v. Mutual Life Insurance Company of New York, 225 N.Y. 197, 121 N.E. 758; Town of Van Buren v. City of Syracuse, 72 Misc. 463, 131 N.Y.S. 345."

The West Virginia statute expressly makes the presumption one of law. It is rebuttable by proof to the contrary, but in our opinion the evidence in this case that the missing man was a fugitive from justice and that he therefore had not been heard from by those who would naturally be expected to hear of him, is not sufficient of itself alone to rebut the presumption, and as this was the only fact relied upon by the trial judge, we conclude that it was not sufficient to support the judgment rendered.

There is a conflict of authorities as to what is necessary to offset the presumption of death at common law. A number of cases hold that proof that the missing person is a fugitive from justice is sufficient under the common law and under various different statutes, other cases hold that where the presumption is one of law and not of fact, or not a mixed presumption of law and fact, such proof is not sufficient to offset the presumption.[1]

Here the insured had been missing and not heard from for fourteen years prior to the institution of this action, twice the length of time required by the statute to raise the presumption of death. The missing man had been sought by officers of the law; a reward was offered for his apprehension, which reward was given publicity by posters containing a description and photographs of him and, at the time of his disappearance, he was suffering from a serious ailment and required a special diet. Under all these circumstances the fact that he was a fugitive from justice was not sufficient proof to offset the presumption of death, under a proper construction of the statute. The insured was forty-two years old at the time of his disappearance and if the beneficiary could not recover after fourteen years of unexplained absence she could never recover except perhaps at the expiration of his life expectancy.

The West Virginia statute was plainly intended to meet just such a situation as exists here and had the statute been correctly construed by the judge below he must necessarily have reached the conclusion that there was not sufficient proof to offset the presumption of death. We are, however, unwilling to decide the ultimate question of fact upon the stipulation appearing in the record, as it was evidently prepared by counsel under a misapprehension that a question of law, rather than a question of fact, was involved. The judgment is reversed and the cause remanded

---

[1] This question is discussed in the following cases: Magness v. Modern Woodmen, 146 Iowa 1, 123 N.W. 169; Mutual Benefit Life Ins. Co. v. Martin, 108 Ky. 11, 55 S.W. 694; Sovereign Camp v. Patton, Tex.Civ.App., 290 S.W. 237; Equitable Life Assurance Society, etc., v. James, 73 Ind.App. 186, 127 N.E. 11; Piersol v. Massachusetts Mutual Life Ins. Co., 260 Ill.App. 578; Mueller v. John Hancock Mutual Life Ins. Co., 280 Ill. App. 519; Winter v. Supreme Lodge, etc., 96 Mo.App. 1, 69 S.W. 662; Meckert v. Prudential Ins. Co., 114 N.J.L. 320, 176 A. 587; Northwestern Mutual Life Ins. Co. v. Rutledge, 174 Okl. 639, 51 P.2d 521; Gurnacki v. Polish, etc., Union, 113 Pa.Super. 189, 172 A. 480; Grunda v. First Lithuanian Building and Loan Ass'n, 128 Pa.Super. 604, 194 A. 747; Bonnano v. Prudential Ins. Co., R.I., 3 A.2d 249; Tyrrell v. Prudential Ins. Co., 109 Vt. 6, 192 A. 184, 115 A. L.R. 392; Simpson v. Simpson, 162 Va. 621, 175 S.E. 320, 94 A.L.R. 909; Fuller v. New York Life Ins. Co., 3 Cir., 199 F. 897; Penn Mutual Life Ins. Co. v. Tilton, 10 Cir., 84 F.2d 10, 14; Petition of Talbot, 250 Mass. 517, 146 N.E. 1; Robb v. Horsey, 169 Md. 227, 181 A. 348; In re Miller's Estate, N.Y.Surr.Ct., 9 N.Y.S. 639; Parker v. New York Life Ins. Co., 142 Miss. 517, 107 So. 198, 44 A.L.R. 1487; Thomas v. Thomas, 16 Neb. 553, 20 N.W. 846; Wentworth v. Wentworth, 71 Me. 72.

for a rehearing to the end that the parties may introduce additional evidence, if they so desire.

Reversed.