Town of Van Buren, Appellant, *v.* City of Syracuse, Respondent.

(County Court, Onondaga County, June, 1911.)

Death — Absence as raising presumption of death.
Poor — Settlement and removal of paupers: Settlement of wife: Settlement of children.

> Where a man abandons his family and remains absent from them for more than ten years, and during that time his wife receives no information respecting him, and it appears that once before he deserted his family and was absent three years, and at the time of his last abandonment he was in good health, and there was then a warrant outstanding for his arrest, the facts do not war-

County Court, Onondaga County, June, 1911.　　[Vol. 72.

rant a presumption of his death, so as to enable the wife to obtain a new settlement and make the support of herself and children a charge upon another town than that in which they lived at the time of the husband's disappearance.

APPEAL from a decision of the superintendent of the poor of Onondaga county.

Barton C. Meays, for appellant.

William Rubin, assistant corporation counsel, for respondent.

Ross, J.　This is an appeal from a decision of the superintendent of the poor of Onondaga county, holding that the town of Van Buren is liable for the support of the family of one Henry Jackson.

Henry Jackson was married in August, 1886, and, with an exception hereinafter mentioned, lived in the town of Van Buren until July, 1900, when he disappeared. At the time of his disappearance his family consisted of his wife and four children who became charges upon the town of Van Buren. Prior to 1900, Jackson once before left his family and was gone for a period of three years. The last heard from Jackson was in the fall of 1900, when his wife received a letter from him directed from St. Louis, since which time she has received no information of any sort. At the time of his disappearance a warrant had issued for his arrest.

Jackson at the time of his disappearance was about forty years of age, was a drinking man, drank to excess; he was a common laborer. His wife says that he was a healthy man and had never been confined to his bed with sickness.

About 1905 the family moved to Syracuse and received aid from the town of Van Buren during the years 1906, 1907 and 1908, the last assistance being given them by the town of Van Buren in November, 1908. The wife and children continued to live in Syracuse and without assistance from the town of Van Buren or city of Syracuse for fifteen months, and, on February 3, 1900, aid was given to

the wife by the city of Syracuse, which was charged to the town of Van Buren. The town of Van Buren rejected such claim, and the matter came on for hearing before the superintendent of the poor of the county of Onondaga.

The claim of the appellant is, as more than seven years have elapsed since the disappearance of Jackson, that there is a presumption that he is dead and that the family have gained a settlement in Syracuse.

The claim of the respondent is that the burden of showing that Jackson is dead has not been met with sufficient proof by the appellant town.

The wife and minor children derived a settlement from the husband and father; and such settlement being gained in the town of Van Buren remained until either Jackson obtained a new settlement, of which there is no sufficient proof, or died and his wife obtained a new settlement. This being so, either the settlement of the wife continues in the town of Van Buren, or she has gained a settlement in the city of Syracuse. I speak of this in view of the claim of the respondent's attorney that the contention in any event is between the town of Van Buren and the county of Onondaga. There is another suggestion to which no reference has been made; the town of Van Buren having furnished relief after a lapse of seven years after the disappearance of Jackson, *quære,* whether it has not waived the claim that Jackson was dead at the expiration of seven years from the time last heard of, or, whether it is simply a circumstance that may be considered in determining the fact as to whether proof has been made justifying a finding of actual death, that the appellant did not take the position which it now assumes, but continued to act upon the assumption that Jackson was alive.

The presumption of death after an absence of seven years is supposed to have been adopted by analogy to certain statutory provisions, particularly the provision as to the presumption of the death of persons upon whose lives estates in land depend. Code Civ. Pro., § 841; McCartee v. Camel, 1 Barb. Ch. *463. Greenleaf takes the position: "But after the lapse of seven years, without intelligence concern-

30

ing the person, the presumption of life ceases, and the burden of proof is devolved upon the other party." 1 Greenl. Ev., § 41. This view is apparently upheld in the case of Loring v. Steinman, 1 Met. 204, 211; but Mr. Chief Justice Shaw on the page last cited indicated in his opinion that the presumption is only a piece of evidence to be considered for what it is worth; that it may be stronger or weaker according to the circumstances of each case, and may be rebutted by a conflicting presumption.

The above is not acquiesced in in Best on Evidence (1st Am. ed.), sections 408 and 409: " The death of any party once shown to have been alive is a matter of fact to be determined by a jury; and as the presumption is in favor of the continuance of life, the onus of proving the death lies on the party who asserts it." It is not a presumption of law but a mixed presumption. Its value is to be determined by the triers of the fact, and this view seems to be the position taken by the New York courts. See Matter of Board of Education (in which the above is cited), 173 N. Y. 321, 325 and 326. On the page last cited the following appears in the opinion of the court: " But facts must be disclosed which would raise such presumption. A person may be absent and unheard of by his friends for seven or more years, under circumstances in which no presumption of death would attach. He may have no near or intimate friends with whom he has been accustomed to correspond. He may leave with the expressly declared intention of seeking a home and of engaging in business in another place, and of not returning to the place of his former residence; then again, he may leave under circumstances which will readily satisfy the court that he must be dead or he would have returned or reported the cause of his detention especially after search has been made for him and he has not been found within the period of seven years of his departure."

While it is correct, as stated by Judge Vann in Young v. Shulenberg, 165 N. Y. 389: " While existence at an antecedent date gives rise to a presumption of existence at a subsequent date, it continues only for a reasonable period,

for it is obvious that a point of time must ultimately be reached when such a presumption must give place to the opposite," or, as stated in a case therein cited: " There must be some period when the presumption of the continuance of life ceases and the presumption of death supervenes," this is quite a different proposition from the assertion that, at the end of seven or ten years, the burden of proof is shifted from the person who asserts the death.

Lawson's Law of Presumptive Evidence states (at p. 294, rule 53) : " But the presumption of death at the expiration of seven years from being last heard of does not rise where it is improbable that the absentee, even if alive, would, or could have been heard of at, or would or could have communicated with his residence, home or domicile," and gives several interesting instances. For instance, in one case a sailor leaves his ship in a foreign country, in 1850, and has not since been heard of. It is proved that his intention was to desert. There is no presumption that he died in 1857. Lakin v. Lakin, 34 Beav. 443.

Applying this rule to the case under consideration, Jackson had once before deserted his family and was absent three years, showing that the ordinary ties which should bind husband and father to his wife and children rested loosely upon him. At the time he abandoned his family in 1900 he was a man in good health, but intemperate, only forty years of age, with an expectancy of over thirteen years. But what is of more significance, there was a warrant outstanding for his arrest, so that the marital and paternal duties and obligations, which would ordinarily be an inducement to a husband and father to communicate with his family, would in his case be a reason for not doing so. In other words, a deserting husband and father is the last person who ordinarily would communicate his whereabouts to the persons whom he had wronged and for whose support he was liable. See Dunn v. Travis, 56 App. Div. 317, 320; Matter of Jones, 70 Misc. Rep. 154. The case of Watson v. England, 14 Sim. Ch. 28, was the case of a girl sixteen or seventeen years of age, who left her father's house to go, no one knew whither. In 1814 she was at Portsmouth intending to

County Court, Onondaga County, June, 1911.        [Vol. 72.

go abroad.    The mere fact that she has not been heard of since 1814 affords no inference of her death in 1821.    The Vice-Chancellor therein says (this in 1844) : " The old law relating to the presumption of death is daily becoming more and more untenable in consequence of the increased facilities of traveling."

The cases cited by the appellant's counsel have some special characteristics which distinguish them from the cases under consideration, as, for instance, Sheldon v. Ferris, 45 Barb. 128.    There was an absence of eight years and also proof of the absentee's declaration of an intention to commit suicide.    In Marden v. Boston, 155 Mass. 359, a pensioner of the United States left his home in 1867 and had not been heard of in 1881, and had never applied for the pension moneys for which he was entitled.    The case of Hoyt v. Newbold, 16 Vroom, 210, was controlled by a New Jersey statute.    In the case of Davie v. Broggs, 97 U. S. 628, on page 633, Mr. Justice Harlan recognizes the rule to which reference has been made in Best, when he says: " The general rule undoubtedly is, that a person shown not to have been heard of for seven years by those (if any) who if he had been alive, would naturally have heard of him, is presumed to be dead, unless the circumstances of the case are such as to account for his not being heard of without assuming his death."

I see no reason for interfering with the finding of fact of the overseer of the poor of the county of Onondaga, for the appellant has not shown by satisfactory evidence that Jackson is dead.

Judgment affirmed, with costs.