## CURRY, TRUSTEE, v. PIERROT.

*Presumptions — Death — Seven years' absence — Attachment — Right of garnishee — To challenge irregularities or prosecute error.*

1. The rule that an absentee who has not been heard of for seven years is presumed to be dead is subject to limitations, and circumstances may be such that no presumption of death will arise. Where the failure of an absentee to communicate with his friends is satisfactorily accounted for on some other hypothesis than that of death, the presumption of death resulting from his absence, unheard of for seven years, does not arise.

2. A garnishee who claims no interest in the fund has no interest in the controversy between the plaintiff and the principal defendant further than to see that there is a judgment which is so far free from invalidity as not to be void. He can not complain of errors or irregularities in the principal action which do not affect him, and can not maintain error proceedings based upon them.

(Decided February 24, 1920.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Kilduff & Schiele* and *Mr. D. T. Hackett,* for plaintiff in error.

*Mr. Eugene C. Pociey,* for defendant in error.

SHOHL, P. J.    John C. Byrne, in November, 1909, abandoned his wife and left Cincinnati in questionable company, taking with him his daughter Edna, then three years old. The father and child were followed to Detroit, where the officers of the juvenile court secured custody of the child, but the father escaped into Canada. When the child was returned to this city she was committed by the juvenile court to the care of her grandparents, the defendant in error, and her husband, who is now deceased. She has been there ever since.

Some six years after Byrne's disappearance his mother died intestate, leaving an estate. He had no brothers or sisters.

In 1918 application was made to the probate court, under the provisions of Section 11028, General Code, and Edward Curry was appointed to collect and preserve his property in accordance with the statute. The administrator paid over the balance of the mother's estate to Curry as trustee.

Defendant in error, Hortense Pierrot, thereupon brought suit against Byrne for compensation for care of the child, founded on the order of commitment of the juvenile court. An order of attachment and garnishment was served upon Curry, trustee, and the service upon Byrne was by publication.

The trustee, garnishee, filed an answer admitting his appointment and showing that he had in his control bonds of the face value of $2,500. He further alleged that he did not know and had no means of determining whether John C. Byrne was living or dead at the time of the death of his mother, and, therefore, he denied that the fund was the property of Byrne.

The case was heard in the superior court before a jury, and was finally, by consent of all parties, submitted to the court on both the law and the facts. The court rendered judgment in favor of the plaintiff and against John C. Byrne. Curry, trustee, the garnishee, prosecutes error to this court.

It is contended that since Byrne was missing for more than seven years prior to the time the action was brought he is presumed to be dead. As no

action can be maintained against a person after his death, it is urged that the entire proceeding is erroneous and void. There is a presumption of death which might arise from the unexplained absence of a person from his residence for more than seven years. *Rice* v. *Lumley,* 10 Ohio St., 596, and *Youngs* v. *Heffner,* 36 Ohio St., 232. See note in L. R. A., 1915B, page 729.

The rule that an absentee who has not been heard of for seven years is presumed to be dead is subject to limitations, and circumstances may be such that no presumption of death will arise. Where the failure of an absentee to communicate with his friends is satisfactorily accounted for on some other hypothesis than that of death, a presumption of death resulting from his absence, unheard of for seven years, does not arise. *In re Wagener,* 143 N. Y. App. Div., 286; s. c. 128 N. Y. Supp., 164.

Lawson on Presumptive Evidence (2 ed.) says at page 294:

"But the presumption of death at the expiration of seven years from being last heard of, does not arise where it is improbable that the absentee, even if alive, would or could have been heard of at, or would or could have communicated with, his residence, home or domicile."

See *Butler* v. *Mutual Life Ins. Co.,* 225 N. Y., 197; *Town of Van Buren* v. *City of Syracuse,* 131 N. Y. Supp., 345, and cases cited in note in L. R. A., 1915B, at page 740, and in Lawson on Presumptive Evidence, *supra.*

The evidence shows that Byrne was a young man of robust health. In view of the conditions

under which he left his home and the fact that he might have been subject to criminal prosecution, it is improbable that he would have communicated with his residence. We are of opinion, therefore, that the determination by the superior court that Byrne was alive is not erroneous.

It is further contended on behalf of plaintiff in error that Edna Byrne was a member of the family of defendant in error, and, that, therefore, no obligation to pay for her services in caring for the child could be implied, and *Hinkle* v. *Sage*, 67 Ohio St., 256, is cited in support of the contention. The trial court held on the authority of *Thompson* v. *Jones,* 13 C. C., N. S., 493, that the circumstances, particularly the fact of the order of commitment by the juvenile court, take the case out of the doctrine of *Hinkle* v. *Sage.* It is not necessary for this court to pass upon that question.

The judgment was against John C. Byrne, and the order made against the plaintiff in error was only as garnishee. As such, he has no interest in the controversy between the plaintiff and the principal defendant further than to see that there was a judgment which is so far free from invalidity as not to be void. He can not complain of errors or irregularities in the principal action which did not affect him. He claims no interest in the fund and can not maintain error proceedings for errors affecting only the principal defendant. 3 Corpus Juris, 643.

The judgment will be affirmed.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.