fails to cover all the questions involved in the case, such failure is not a ground for reversal unless it was called to the attention of the court and further instructions were requested and refused, providing the jury are not misled by the charge as given.

6. Upon an indictment for bribery the state must establish beyond a reasonable doubt the guilt of the defendant of the crime charged and every material allegation of the indictment, including criminal intent. Where evidence of other previous offenses of a similar character is properly admitted as tending to prove criminal intent, such evidence constitutes "probative facts bearing upon intent" and need not prove such alleged other offenses beyond a reasonable doubt. Such evidence is not admissible, however, if it is of a vague or remote character; it must offer substantial proof that the alleged other similar crimes were committed by the defendant. (The second paragraph of the syllabus of Baxter v. The State, 91 Ohio St., 167, is overruled.)

Judgment affirmed.

## OHIO COURT OF APPEALS
(Continued from Page 411)
No. 408

GLOW ELECTRIC CO. v. BOCK MACHINE CO.

Ohio Appeals, 1st Dist., Hamilton County
No. 2016. Decided March 26, 1923

SALES—(1) Where question as to whether a contract is oral is in issue, parol evidence is admissible.— (2) Right of inspection under GC. 8395.

PER CURIAM:

Epitomized Opinion

This action was originally brought in the Cincinnati Municipal Court, for a balance due on an alleged written contract for certain motors. The Block Machine Co. filed an answer consisting of a general denial and a cross-petition based on an oral contract, alleging that the motors had not been made in accordance with said contract and were defective. At the trial, plaintiff insisted that the contract consisted of a letter and an order, both dated Oct. 20, 1920. Defendant claimed that the contract was verbal and was made on Oct. 19, 1920. The trial resulted in a verdict for defendant. Plaintiff then prosecuted error proceedings to the Court of Common Pleas, and there the judgment was affirmed. The case was then taken to the Court of Appeals for review. In sustaining the judgment of the lower courts, this court held:

1. Where issue is joined on whether a certain contract is written or oral, parol testimony is admissible to show the nature of the contract and when it was made, and this is not an attempt to change or vary the terms of a written instrument.

2. Under G C. 8395, a purchaser has a right to inspect goods that he buys, and if he finds they do not conform to the agreement he has the right to reject them.

Attorneys—Chas. A. Walker, for Glow Electric Co.; Nichols, Morrill, Stewart & Ginter, for Bock Machine Co.

No. 409

LOUIS B. SAWYER v. DAVID A. FRIEDMAN

Ohio Appeals, 1st Dist., Hamilton County
No. 2020. Decided March 26, 1923

NEGLIGENCE—(1) Verdict not manifestly against weight of evidence where it is supported by some evidence.

PER CURIAM:

Epitomized Opinion

This was an action for damages growing out of an automobile collision between automobiles owned by the plaintiff, Sawyer, and defendant, Friedman. The accident occurred at the intersection of two alleys in the city of Cincinnati. Traffic conditions were such that some of the streets of the city were blocked, and it became necessary for drivers to proceed along certain alleys to avoid these blocked streets. Consequently, plaintiff was proceeding southwardly on Britt Alley and defendant was proceeding eastwardly on Elkins Alley, at the time the collision occurred. Both parties were violating a city ordinance, which provided that traffic should proceed northwardly on Britt Alley and westwardly on Elkins Alley. The defendant set this ordinance forth in his answer. The case was tried in Municipal Court without a jury, which resulted in a judgment for defendant. Thereupon plaintiff prosecuted error, claiming that his negligence was not the proximate cause of the injury. In sustaining the judgment of the lower court, the court of appeals held:

1. From an examination of the record, it could not be said as a matter of law that the court's finding that the plaintiff's negligence was a proximate cause of the collision, was manifestly against the weight of the evidence.

Attorneys—Sawyer & Paxon, for Sawyer; Jackson & Woodward, for Friedman.

No. 410

KITTY N. McHENRY v. L. L. McHENRY

Ohio Appeals, 1st Dist., Hamilton County
No. 2122. Decided April 16, 1923

DIVORCE—(1) Presumption of death from continued abuse for long period is subject to certain exceptions—(2) Burden of proof as to whether subsequent marriage is valid.

HAMILTON, J.:

Epitomized Opinion

Kitty McHenry brought an action for divorce and alimony in Common Pleas Court of Hamilton county. She claimed extreme cruelty. The defendant by way of cross-petition claimed that plaintiff had a husband living at the time of her marriage to him, and that she had been guilty of extreme cruelty. At the trial plaintiff produced evidence showing that defendant had been guilty of cruelty toward her, and the husband did likewise. The plaintiff also claimed that her first husband died on Nov. 16, 1909, at Preacher, Ky. Defendant introduced evidence to show that plaintiff and her first husband resided at a hotel in Crofton, Ky., from Dec. 16, 1909, to April, 1910. The court dissolved the marriage contract, granted the divorce to defendant and made no findings as to the alimony and property rights. From this judgment plaintiff prosecuted error, claiming that the burden of proof was on the defendant to prove that plaintiff had a former husband living. In sustaining the judgment of the lower court, the Court of Appeals held:

1. The rule that an absentee who has not been heard of for seven years is presumed to be dead, does not apply where the failure of an absentee to communicate with his friends can be satisfactorily accounted for on some other hypothesis than that of death, as was the case here.

2. When it appears that both marriages had been lawfully solemnized and the record was silent as to whether there had been a divorce of the parties to the first marriage there was a presumption that the status of the parties to the first marriage continued and the burden of proof is upon the party claiming the validity of the second marriage to overcome such presumption, which plaintiff failed to do in this case.

Attorneys—Alcorn & Alcorn, for Kitty McHenry; Rogers & Simmonds, for Lowry McHenry.