## SWANSON v. UNITED STATES.

District Court, N. D. New York.
April 3, 1933.

Mahon & Mahon, of Syracuse, N. Y., for plaintiff.

O. D. Burden, U. S. Atty., of Syracuse, N. Y. (B. Fitch Tompkins, Asst. U. S. Atty., of Syracuse, N. Y., and Joseph H. San, Atty. Veterans' Administration, of New York City, of counsel), for the United States.

BRYANT, District Judge.

This suit is brought by plaintiff, individually and in her representative capacity, to recover the benefits of a war risk insurance policy issued to Fred Swanson while he was in the military service during the World War.

The plaintiff claims under a $10,000 policy, but the testimony shows that the policy issued was for $5,000 only.

Mary Swanson is the wife of Fred Swanson. They were married at Syracuse, N. Y., her home city, soon after his return from France. He was not a resident of Syracuse. He was under treatment almost continuously at different hospitals. He disappeared from General Hospital No. 28, Fort Sheridan, Ill., on April 12, 1919. After his disappearance, and on October 11, 1920, he was honorably discharged in accordance with the regulations of the War Department.

Mary Swanson, his wife, was living at Syracuse at the time of his disappearance. She made inquiries of his whereabouts without avail. About September 19, 1929, the surrogate of Onondaga county, upon her application, caused to be issued to the said Mary Swanson letters of administration upon the estate of Fred Swanson. The surrogate's decree was based upon presumption of death from absence. It may be questionable whether the said Fred Swanson ever had a residence or domicile or property in Onondaga county to give jurisdiction to the Surrogate's Court. It is not, however, necessary to consider that question here.

After the granting of letters of administration, demand for the payment of the insurance was made and refused. Thereafter plaintiff, individually and as administratrix, brought action. It is not contended that insurance to the amount of $5,000 is not due and payable if Swanson is dead. Defendant is resisting payment upon the ground that proof of death is insufficient.

Upon the trial it was established that the correct name of Fred Swanson is John Henry Harbaugh, and that he was commonly known as Clyde Harbaugh; that his home was Danville, Ill.; that he enlisted in the United States Army under the name of Fred Swanson and so served and was discharged; that some time after he left the hospital in 1919 he resumed his own name and returned to Danville; that in September, 1923, he married and was in Danville as late as 1925. There is some evidence in the case to show that he was alive and well and in Danville in the fall of 1928. The proof showing this last date is not at all convincing. There is no proof to show that he was ever divorced from Mary Swanson.

These facts rebut the presumption of death from absence. It is obvious that, had they been before the surrogate, letters of administration would not have been issued. The bigamous marriage is a complete explanation of absence and his failure to communicate. The presumption of death by reason of unexplained absence in this case does not exist.

The granting of letters of administration in this case is not evidence of death. The act merely establishes the representative character of the person appointed. Scott v. McNeal, 154 U. S. 34–47, 14 S. Ct. 1108, 38 L. Ed. 896; Matter of Rowe, 197 App. Div. 449–452, 189 N. Y. S. 395; Matter of Katz, 135 Misc. 861, 239 N. Y. S. 722.

Inasmuch as letters of administration were granted after the passage of chapter 229 of the Laws of 1929 which, among other things, amended section 119 of the Surrogate's Act, it may be well to state that the statute, as amended, applies only to estates of persons dying after August 31, 1930. The statute under which the appointment was made is section 341 of the New York Civil Practice Act.

Defendant is entitled to judgment.