EDITH M. STEVENS, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Bronx County, December 22, 1933.

*F. P. Trautmann* [*Louis Weinberger* of counsel], for the plaintiff.

*Tanner, Sillcocks & Friend,* for the defendant.

McLaughlin, J.   The plaintiff brings this action to recover the sum of $2,000 on a policy issued by the defendant company on the life of her husband, John Stevens.   The policy is dated and issued on February 16, 1918.   It had a fifteen-year endowment provision and matured on February 16, 1933, providing that the insured was alive at that time.   The action is also brought for two premiums amounting to $262.56 which were paid after it was claimed the insured was dead.

The plaintiff claims that the deceased left his home on the morning of June 11, 1923, and that he has not been seen or heard from since that day; that at the time he left his home he was nervous; that he had been working hard and seemed to be in poor physical condition due to this work; that his married life had been happy. She claims that she made inquiry among his friends and that relatives searched for him but without success.   She says she notified the police department and they made a search without success.   She did not advertise until after the seven-year period of absence had expired.

With this evidence before it, the court denied the motion to dismiss at the end of the plaintiff's case.   At that time it did not appear that there was any other reason which explained why the insured had fled his home and this jurisdiction.

The evidence for the defendant showed that this insured was working in the Knickerbocker Club, and worked there until he was short $13,000 in his accounts, and that he absconded by reason of having embezzled this money, and that there were two indictments against him, one charging him with grand larceny, and the other with forgery in the third degree, and that a police detective of the city of New York with warrants for his arrest had been searching for him.   In addition to that, a representative of the bonding company was called and he proved that his company had

paid this $13,000, and that they had sent circulars all over the country looking for him and seeking his apprehension as a defaulter and as a fugitive from justice. This evidence shows conclusively that reasonable men could not differ on the reason of his leaving his home and this jurisdiction.

Reluctant as we are under our system of law to set aside the verdict of a jury, nevertheless there are cases where the verdicts are clearly against the weight of evidence, and this is one. We realize that where an issue of fact is raised, the question of whether or not the presumption of death arises is one for the jury. Here, however, the evidence does not and could not create " in reasonable minds conflicting inferences," and the court must rule upon it as a question of law and the verdict must be set aside and the complaint dismissed. (*Butler* v. *Mutual Life Ins. Co.*, 225 N. Y. 197, 204; *Matter of Board of Education*, 173 id. 321; *Matter of Wagener*, 143 App. Div. 286.)

Passing by the weakness of the plaintiff's case as to the search for this missing person, there appears in the testimony a real reason which removes the probability of his disclosing his whereabouts to any one. He was an embezzler to the extent of $13,000, and a fugitive from justice with two warrants issued for his arrest. There was certainly a reason for him to conceal his identity, for not only did he have a cloud upon his character, but, being a fugitive from justice, there is no escape from the conviction that the evidence in this case is " incapable with or without contradiction of creating in reasonable minds, conflicting inferences." (*Butler* v. *Mutual Life Ins. Co.*, *supra*, at p. 204; *Town of Van Buren* v. *Syracuse*, 72 Misc. 463; *Matter of Miller*, 9 N. Y. Supp. 639; affd., sub nom. *Matter of Taylor*, 20 id. 960; affd., 147 N. Y. 713.)

The court is not unmindful of the fact that some time in the future proof may be adduced as to the death of the insured and its date. The present determination should not be a bar to any such action. The verdict will be set aside unconditionally and this complaint dismissed without prejudice to the bringing of another action upon new proof showing the death of the insured and its date.