## METROPOLITAN LIFE INS. CO. v. GOODWIN.

### No. 4179.

Circuit Court of Appeals, Fourth Circuit.
Sept. 27, 1937.

James N. Garrett, of Norfolk, Va. (James M. Wolcott, of Norfolk, Va., on the brief), for appellant.

James G. Martin, of Norfolk, Va. (Tom E. Gilman, of Portsmouth, Va., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and CHESNUT, District Judge.

NORTHCOTT, Circuit Judge.

This is an action at law begun in the circuit court of the city of Portsmouth, Va., in February, 1936, by the appellee, Mamie B. Goodwin, here referred to as the plaintiff, against the appellant, Metropolitan Life Insurance Company, here referred to as the defendant. The action was removed to the District Court of the United States for the Eastern District of Virginia on the ground of diversity of citizenship. The object of the action was to recover from the defendant the sum of $3,352.75, claimed by the plaintiff, as beneficiary, under two policies of life insurance issued by the defendant company on the life of her divorced husband, Sherrill A. Goodwin.

A trial was had at Norfolk, Va., in October, 1936, the plaintiff relying upon the presumption of death, arising from her husband's absence for more than 7 years, to prove the loss under the policies. There was a verdict for the plaintiff which the court set aside on the grounds of after discovered evidence. Another trial was had in January, 1937, and resulted in a verdict for the plaintiff in the amount of $3,352.75, with interest, and, after overruling the motion for a directed verdict on behalf of the defendant, decision on which motion had been, by consent, reserved by the court, as well as overruling the motion to set aside the verdict, judgment was entered for the plaintiff in the amount of the verdict. From this action this appeal was brought.

Sherrill A. Goodwin, sometimes known as C. Goodwin and here referred to as the insured, resided in the city of Portsmouth, Va., with his wife, the plaintiff, and three children, for a number of years prior to November, 1927, when he disappeared.

The defendant company had issued two policies on the life of said Goodwin, one for $2,000, dated August 27, 1919, and one for $1,500, dated October 19, 1926. The plaintiff was named as beneficiary in both policies and paid the premiums on them after her husband's disappearance. There had been a small loan on one of the policies.

Some time during the year 1927 the insured was arrested on a liquor charge, the plaintiff going on his bond. Again in the fall of 1927 he was arrested on the charge of violating the state liquor law and gave bond with a professional bondsman as surety in the sum of $500 for his appearance on November 21st. On November 19th the insured telephoned his wife but did not mention his arrest. On the same night he departed from his home, taking his clothes and leaving a note stating that he was going away for a while, would send some money as soon as he could get work, and stating that he loved the members of his family as much as he ever did. The insured was then 40 years of age and apparently in good health.

The insured forfeited his bond, was tried in his absence and found guilty and given a fine of $100 and sentenced to commitment to the state convict road force for a period of 60 days. A capias was issued for him, but he was never found or arrested, and, so far as the evidence discloses, has

never been heard from since, either in Portsmouth, where he lived, or in his former home at Edenton, N. C.

The plaintiff obtained a decree of divorce from the insured on the grounds of adultery approximately one year after his disappearance. Plaintiff was a working woman, having been cashier in a store for a number of years. In 1935 plaintiff obtained letters of administration on the estate of the insured.

At the trial the plaintiff offered evidence tending to prove the insured's disappearance for a period of more than 7 years without any news having been heard from him and showing the circumstances under which he disappeared, and thereupon the defendant offered evidence showing other circumstances accompanying the insured's disappearance upon the theory that these circumstances rebutted the presumption of death raised by insured's disappearance for the period of time proven. The trial judge left this issue to the jury. The finding was in favor of the plaintiff.

The sole question involved is whether the jury's verdict was justified under the evidence.

The statute involved is section 6239, Michie's Virginia Code of 1936, the pertinent part of which is as follows: "If any person, who shall have resided in this State, either go from and do not return to the State for seven years successively, and be not heard from or if he shall disappear for seven years successively and be not heard from, he shall be presumed to be dead in any case wherein his death shall come in question, unless proof be made that he was alive within that time."

■ This statute has been construed a number of times by the highest court of the state of Virginia, and we are bound by that construction. Evans v. Stewart et al., 81 Va. 724; Security Bank, etc. v. Equitable Life, etc., 112 Va. 462, 71 S.E. 647, 35 L.R.A.(N.S.) 159, Ann.Cas.1913B, 836; Metropolitan Life Insurance Company v. Botto, 153 Va. 468, 143 S.E. 625, 154 S.E. 603.

■■ The latest decision of the Supreme Court of Appeals of Virginia dealing with the statute is Simpson v. Simpson, 162 Va. 621, 175 S.E. 320, 329, 94 A.L.R. 909, where the court held that the presumption prescribed by the statute is a presumption of law and the court said: "This statute prescribed a true rebuttable presumption of law as distinguished from a presumption of fact (which is in reality merely an inference of a fact from facts proven) and from an administrative assumption of fact. A rebuttable presumption of law is a provisional procedural assumption of a fact which is prescribed by a rule of the substantive law. It is a rule of the substantive law declaring that for procedural purposes a certain prima facie probative force will and shall (until evidence sufficient to prove the contrary is introduced) be provisionally attached to a given state of facts; that is, a certain inference shall be drawn from it, unless and until evidence sufficient to prove the contrary has been introduced. A party is as much entitled to a benefit of a presumption of law as he would be to have any other appropriate legal rule applied to the facts of his case; and, where the facts which are required to give rise to the presumption are proven, the presumption must be applied (the presumed fact must be assumed to have been proven) until evidence sufficient to overcome the presumption and prove the contrary shall have been introduced. 1 Chamberlayne, Mod.Law of Ev., §§ 1085, 1089."

■ A study of the Virginia decisions leads us to the conclusion that, when the presumption of death is sought to be rebutted by evidence as to the circumstances under which the missing man disappeared and under which no news has been heard of him, the question whether such evidence is sufficient to rebut the presumption of death prescribed by the statute is a question of fact for the jury. This statute was also dealt with by this court in the case of United States v. O'Brien, 51 F.(2d) 37.

Cases relied upon on behalf of the defendant are not controlling, for the reason that in these cases the presumption of death is held to be a mixed presumption of law, and fact and not a presumption of law. Browne v. New York Life Ins. Co. (C.C.A.) 57 F.(2d) 62. See, also, Butler v. Mutual Life Insurance Company of New York, 225 N.Y. 197, 121 N.E. 758; Town of Van Buren v. City of Syracuse, 72 Misc. 463, 131 N.Y.S. 345.

If the contention made on behalf of the defendant that the court should have directed a verdict for the defendant be upheld and should this suit be brought again after 25 years, the result would be the same and the plaintiff could never recover under the policies in suit.

A study of the record convinces us that the evidence was such as to justify the jury in finding that the presumption of the insured's death was conclusive. He had no real reason for staying away for the long period of time that was covered by his absence; the criminal charges against him were of a minor character; he could have changed the beneficiary under his insurance policies or secured the cash surrender value of same at any time; and, had he still been alive, it would seem that some of his family, relatives, or friends would have had some news of him.

The judge below was correct in his refusal to direct a verdict for the defendant and in his refusal to set aside the verdict of the jury.

The judgment of the court below is accordingly affirmed.