### STUMP v. NEW YORK LIFE INS. CO.

District Court, N. D. West Virginia.
March 12, 1940.

S. A. Powell, of Harrisville, W. Va., and Mathews & Reed, of Grantsville, W. Va., for plaintiff.

W. T. O'Farrell, of Charleston, W. Va. (Brown, Jackson & Knight and R. G. Kelly, all of Charleston, W. Va., on the brief), for defendant.

HARRY E. WATKINS, District Judge.

Plaintiff, a resident of Grantsville, W. Va., beneficiary under a life insurance policy carried by her husband, sued defendant to collect such insurance. She claims that his continued absence for more than seven years creates a presumption of death under West Virginia Code, Chapter 44, Art. 9, Sec. 1. The insurance company asserts that the assured is a fugitive from justice, and that the presumption of death does not arise, or is completely overcome by the facts and circumstances of his departure and absence. The case was submitted to the court, sitting without a jury, upon an agreed statement of facts for decision as to all matters of law and fact.

The agreed facts pertinent to the issue are as follows: Bailey G. Stump, a native of Calhoun County, left his domicile on July 7, 1924, and has been absent therefrom since that date; that at the time of his departure he was suffering with ulcers of the stomach and required a special diet; was married to plaintiff and had three children; that for more than seven years prior to the institution of suit he had been unheard of by his wife, children, relatives and former business associates; that at the time of his departure the assured was cashier of the Peoples Bank of Grantsville; that at the August, 1924, term of the Circuit Court of Calhoun County the grand jury of such county returned twenty-two

indictments against him, each charging him with a felonious act of embezzlement from such bank during the calendar year 1924, the aggregate amount of money alleged in these indictments being $12,762.85; that at the April, 1925, term of the same court a grand jury of the same county returned seven indictments against the assured, each charging him with having made false entries in the books of such bank, and one indictment charging him with a felonious act of forgery, and four indictments, each charging him with an act of embezzlement; that all of said indictments are still pending; that capiases have been issued at each term of such court; that assured has never been apprehended thereunder, the sheriff reporting him not found; that on June 11, 1926, he was indicted in the District Court of the United States for the Northern District of West Virginia on a charge of having violated certain provisions of the Federal Code; that capiases were issued on this indictment at each term of such court until the same was nollied in March, 1932, which capiases were returned by the marshal "Unable to find defendant"; that he was under bond as cashier of such bank with American Surety Company of New York as surety thereon; that on October 6, 1924, such surety paid to the bank $15,000 for alleged embezzlement by assured as such cashier, and that thereafter the surety company and the county court of Calhoun County offered a reward of $2,-000 for his apprehension, which reward, containing a description of assured, and his photographs, were given publicity.

Plaintiff relies upon Chapter 44, Article 9, Section 1 of West Virginia Code, providing in part, as follows: "In case any person has been or shall be absent for seven or more successive years from the place of his last domicile within this State; * * * and in any of the foregoing cases shall for such period of time have been, or shall be, unheard of by those who, had he been alive, would naturally have heard of him; such person shall, in any case where his death shall come in question, be presumed in law to be dead, in the absence of proof to the contrary, or unless proof be made that he was alive within that time".

The history of this statute is helpful in its construction. When West Virginia became a state, it adopted Sec. 42 of Chapter 176 of the Code of Virginia 1860 (Ch. 130, Sec. 44, W.Va.Code 1868), which provided as follows: "If any person who shall have resided in this state go from, and do not return to, the state for seven years successively, he shall be presumed to be dead in any case wherein his death shall come in question, unless proof be made that he was alive within that time".

This section was carried in all the West Virginia Codes up to and including Hogg's Code 1913, in which it was included as Section 4901. In 1917 this section was repealed and the present statute substituted (Ch. 86, Sec. 12, W.Va.Code 1923; Ch. 44, Art. 9, Sec. 1, W.Va.Code, 1931).

It will be readily seen that the present statute has added another condition to the creation of the presumption of death. Mere absence for seven successive years is no longer sufficient. The present statute requires that he be unheard of by those who, had he been alive, "would naturally have heard of him". In other words, it is now necessary that there be certain persons who would naturally have heard of him, if alive, and that these persons have not heard of him. The change is significant. The assured was and is a fugitive from justice. The criminal charges are still pending against him in the same small community where his family, relatives and friends reside. Under the facts stated above, would these persons "naturally have heard from him" had he been alive? I think not. The most natural conduct of a fugitive from justice is to conceal his whereabouts, especially from friends or relatives in the small community where he is wanted. Assured's absence and failure to communicate with friends and relatives is accounted for on a very rational theory other than that of his death. In Van Buren v. City of Syracuse, 72 Misc. 463, 131 N.Y.S. 345, 348, in holding that no presumption of death arose, the court said: "But what is of more significance, there was a warrant outstanding for his arrest, so that the marital and paternal duties and obligations, which would ordinarily be an inducement to a husband and father to communicate with his family, would in his case be a reason for not doing so".

See, also, Swanson v. United States, D. C., 3 F.Supp. 813; Heath v. Salisbury Home Tel. Co., 326 Mo. 875, 33 S.W.2d 118; New York Life Ins. Co. v. Holck, 59 Colo. 416, 151 P. 916.

Furthermore, it will be noted that the statute as amended provides that death is presumed only "in the absence of proof to the contrary". Here there is proof to the

contrary, circumstantial in character, but sufficient, in my opinion, to defeat any presumption of death under this West Virginia statute. For these reasons the assured is not presumed to be dead, and plaintiff has not otherwise shown her right to recover.

I have found no West Virginia cases on the point in question. Plaintiff has cited cases from other states where, under similar facts, fugitives from justice have been presumed to be dead under state statutes. In all of these cases, however, the statutes have been different from that now in effect in this state, allowing the presumption where the person is unheard of and absent for seven successive years. Under such statutes, the courts have uniformly recognized the presumption of death, but have permitted the jury to determine as a jury question, whether or not the circumstances of departure and absence are sufficient to overcome the presumption of death. In Metropolitan Life Ins. Co. v. Goodwin, 4 Cir., 92 F.2d 274, 276, the court had before it for construction, the Virginia statute, which provides as follows: "If any person, who shall have resided in this State, either go from and do not return to the State for seven years successively, and be not heard from or if he shall disappear for seven years successively and be not heard from, he shall be presumed to be dead in any case wherein his death shall come in question, unless proof be made that he was alive within that time".

The insured had been absent for more than seven successive years and had been unheard of since his disappearance. The appellate court said "a study of the Virginia decisions leads us to the conclusion that, when the presumption of death is sought to be rebutted by evidence as to the circumstances under which the missing man disappeared and under which no news has been heard of him, the question whether such evidence is sufficient to rebut the presumption of death prescribed by the statute is a question of fact for the jury".

Likewise it is a question for the jury to say whether or not facts exist to create the presumption of death provided by the West Virginia statute. Piersol v. Massachusetts Mutual Life Ins. Co., 260 Ill.App. 578. These matters are here submitted to the court for decision without a jury. For the reasons stated, I am of opinion that plaintiff has not shown facts sufficient to establish the presumption of death under the West Virginia statute. Separate finding of facts and conclusions of law are filed with this opinion. Counsel may submit an order in accordance with the views herein expressed.