77 S.E.2d 890 (1953)
FLESHER
v.
BOARD OF REVIEW, WEST VIRGINIA DEPARTMENT OF VETERANS' AFFAIRS.
No. 10612.
Supreme Court of Appeals of West Virginia.
Submitted September 15, 1953.
Decided October 13, 1953.
*891 Dorr C. Casto, Parkersburg, for appellant.
John G. Fox, Atty. Gen., Cletus B. Hanley, Asst. Atty. Gen., for appellee.
HAYMOND, President.
The applicant and appellant, Isaac S. Flesher, of Parkersburg, Wood County, *892 the dependent father of Harry Edward Flesher a deceased veteran of World War I, applied to the West Virginia Department of Veterans' Affairs on January 7, 1952, within the period provided by law, for the payment of a cash bonus under an amendment to the Constitution of this State, ratified at the general election on November 7, 1950, known as the Veterans' Bonus Amendment, and Chapter 197, Acts of the Legislature, 1951, Regular Session. The amount applied for is $190.00 based upon active service in the armed forces of the United States by Harry Edward Flesher within the territorial limits of the forty eight states and the District of Columbia, from April 6, 1917, to November 11, 1918, a period of nineteen months, at the prescribed rate of $10.00 for each month. The application disclosed that the veteran, Harry Edward Flesher, died on July 7, 1938, at Houston, Texas, and that at that time he was survived by his widow, Winonah L. Flesher, who then resided in that city and state and it contained the statement "no information in regards to wife".
Section 5, Chapter 197, Acts of the Legislature, 1951, Regular Session, fixed December 31, 1952, as the limit upon the time within which an application for the payment of the bonus could be filed. This limit was extended until June 30, 1953, by Section 5, Chapter 176, Acts of the Legislature, 1953, Regular Session; and at this time, except in certain designated exceptional cases, the period within which an application could have been filed has expired.
The Director of the West Virginia Department of Veterans' Affairs denied the application on September 30, 1952, on the ground that the deceased veteran was survived by an unremarried widow who, though not a resident of this State, was, under the applicable constitutional and statutory provisions, a member of a preferred class of surviving relatives and that her status as such excluded any claim to the payment of the bonus by a dependent parent as a member of a less favored class. The decision of the director was affirmed by the appellee, the Board of Review of the West Virginia Department of Veterans' Affairs, on May 7, 1953, and upon the petition of the appellant, filed June 6, 1953, a review of the final order of the board of review was granted by this Court on July 13, 1953, under Section 8, Chapter 197, Acts of the Legislature, 1951, Regular Session.
Upon a hearing by the board of review it appeared that the applicant had not heard from or received any information concerning the whereabouts of the widow of the deceased veteran since 1943, a period of more than seven years immediately preceding the date on which the application was filed; that he endeavored to locate her by communicating with the Missing Persons Division of the Houston, Texas, Police Department in February, 1952; that he was informed by letter from that division of the department that it had been unable to locate the widow from the information furnished by the applicant; that she had moved from her residence at 1235 Tulane Street in Houston in 1943; that she did not leave a forwarding address at that time; and that she was "supposed to have a sister" living in Houston but that the division was unable to learn the name of her sister. The letter from the division to the applicant stated that the division would "be glad to check further for her if you can send us any additional information about her". The record does not disclose that any further information was furnished the division by the applicant for the apparent reason that he possessed no information that would be helpful in locating the widow of his deceased son. It does not appear that the applicant knew anything about her or had ever visited or associated with her or that he knew anything about the members of her family. Though he was her father-in-law there is no indication that the relations between them after the death of the veteran in 1938 were other than or different from those of mere strangers.
On October 3, 1952, the Attorney General of West Virginia, at the request of the Director of the West Virginia Department of Veterans' Affairs, rendered a written opinion in which he expressed his conclusion with respect to the provision of the Veterans' Bonus Amendment to the Constitution *893 relating to the payment of the bonus to which a deceased veteran would be entitled if living to designated relatives of such veteran. The opinion on that question contains this language: "We believe when the amendment is read the interpretation which most strongly suggests itself is that there are three degrees of relatives who may be paid the bonus, but if there is one in existence in a higher degree, regardless of whether this person has made application for the bonus or is a resident of the State, no one in a lower degree may be paid. We have endeavored in every case to interpret the provisions of the amendment liberally in favor of the applicant; however, we do not believe that the amendment may be read to entitle a child or dependent parent to the bonus if there is an unremarried widow living outside the State, even though she fails to apply for the bonus before the date of expiration for application." The decision of the board of review, denying the application, accords with and was evidently based upon the foregoing opinion of the Attorney General.
The applicant seeks reversal by this Court of the final order of the board of review on substantially these grounds: (1) The widow of the deceased veteran, a nonresident of this State, not having been heard of by the applicant for a continuous period of more than seven successive years, and his efforts to discover her whereabouts with the aid of the Houston, Texas, Police Department having been unsuccessful, should be presumed in law to be dead when the application was filed, by virtue of the provisions of Section 1, Article 9, Chapter 44, Code, 1931; and (2) the widow, even if living, not being a resident of this State when the application was filed, and there being no children of the veteran under the age of sixteen, the applicant, as a dependent parent of the deceased veteran, is, under the provisions of the Veterans' Bonus Amendment to the Constitution and the provisions of Section 3, Chapter 197, Acts of the Legislature, 1951, Regular Session, entitled to the bonus to which the veteran, if living, would have been entitled.
Section 1, Article 9, Chapter 44, Code, 1931, to the extent here pertinent, provides: "In case any person * * *, being a nonresident of this State and being entitled to, or having an interest in, property in this State, has been or shall be absent for seven or more successive years from the place of his last known domicile; and in any of the foregoing cases shall for such period of time have been, or shall be, unheard of by those who, had he been alive, would naturally have heard of him; such person shall, in any case where his death shall come in question, be presumed in law to be dead, in the absence of proof to the contrary, or unless proof be made that he was alive within that time." This section, upon the conditions which it imposes, creates a rebuttable presumption of the death of a person who has been absent for a period of seven or more successive years and unheard of by those who would naturally have heard of him if he had been alive. See Stump v. New York Life Insurance Company, D.C., 31 F.Supp. 823.
The proof offered by the applicant shows that the nonresident widow of the deceased veteran has been absent from her last known place of domicile for more than seven successive years but it fails to show that she has been unheard of during that period of time by persons who would naturally have heard of her. The sister of the absent widow whose name is apparently unknown to the applicant is the person who would naturally have heard of her rather than the applicant who though her father-in-law appears not to have been well acquainted with her or to have been closely associated with her at any time. Upon these facts the presumption of death created by the statute is inoperative and the widow must be regarded as still living. When a nonresident of this State, who in this instance is an unremarried widow of a deceased veteran of World War I, has been absent for more than seven successive years from her last known domicile and during that period of time has not been heard of by the father of the deceased veteran and it does not appear that the father of such veteran is a person *894 who would naturally have heard of such widow had she been alive, the presumption of death under Section 1, Article 9, Chapter 44, Code, 1931, does not apply and such widow will not be presumed in law to be dead by virtue of that section of the statute.
The Veterans' Bonus Amendment to the Constitution of this State provides for the payment of a cash bonus from the proceeds of specially authorized State bonds to veterans of World War I and World War II and authorizes the payment of such bonus to veterans who rendered active service in the armed forces of the United States in World War I between April 6, 1917, and November 11, 1918, at the rate of ten dollars for each month of such service within the territorial limits of the forty eight states and the District of Columbia, but not to exceed three hundred dollars, and at the rate of fifteen dollars for each month of such service outside such territorial limits, but not to exceed four hundred dollars. The amendment also contains this provision: "The bonus to which any deceased veteran would be entitled, if living, shall be paid only to the following surviving relatives of such veteran, if such relatives are residents of this State when application for payment is made: Any unremarried widow, or if none, any child or children under the age of sixteen, or if none, any dependent parent or parents." The language of Section 3 of Chapter 197, Acts of the Legislature, 1951, Regular Session, a statute enacted in pursuance of the constitutional amendment, is substantially the same as that contained in the constitutional provision just quoted.
The foregoing constitutional and statutory provisions, which are substantially identical, are plain and unambiguous and for that reason they are not subject to judicial interpretation. State v. Conley, 118 W.Va. 508, 190 S.E. 908; May v. Topping, 65 W.Va. 656, 64 S.E. 848; Douglass v. Koontz, W.Va., 71 S.E.2d 319; State v. Epperly, 135 W.Va. 877, 65 S.E.2d 488; Hereford v. Meek, 132 W.Va. 373, 52 S.E. 2d 740; State ex rel. Department of Unemployment Compensation v. Continental Casualty Company, 130 W.Va. 147, 42 S.E.2d 820. Even if they were ambiguous, the constitutional provision was adopted by the people of this State and the statutory provision was enacted by its Legislature for the benefit of veterans who actively served in the armed forces of the United States in either World War I or World War II during the specified periods of time and the enumerated classes of the surviving relatives of such deceased veterans; and such provisions should be liberally construed in favor of the clearly intended and expressly designated beneficiaries. See 11 Am.Jur., Constitutional Law, Sections 59 and 60; 50 Am.Jur., Statutes, Section 396. "The fundamental principle of constitutional construction is to give effect to the intent of the framers of the organic law and of the people adopting it. A constitutional clause must be construed reasonably to carry out the intention of the framers, which gives rise to the corollary that it should not be construed so as to defeat the obvious intent if another construction equally in accordance with the words and sense may be adopted which will enforce and carry out the intent. The intent must be gathered from both the letter and spirit of the document." 11 Am.Jur., Constitutional Law, Section 61.
The underlying purpose of the Veterans' Bonus Amendment and Chapter 197, Acts of the Legislature, 1951, Regular Session, enacted pursuant to that amendment, was to reward the designated veterans of World War I and World War II and, in the event of their death, the members of certain specified classes of their surviving relatives, in the prescribed order of preference, if they satisfy the expressly imposed requirement that they be residents of this State, and not to exclude an eligible member of any of the designated classes of surviving relatives from the payment of the bonus when there is no member of any prior preferred class or when existing members of any such class are not qualified to receive the bonus. The prescribed order of preference is: first, an unremarried widow; second, a child or children under the age of *895 sixteen years; and third, a dependent parent or parents, provided that such widow, child or parent is a resident of this State or such children or parents are residents of this State when application for payment of the bonus is made.
If the unremarried widow, the child or the children under sixteen years of age, and the dependent parent or parents of the deceased veteran survive him and all of them are residents of this State when such widow makes application for payment she is entitled to the bonus to which the deceased veteran would be entitled, if living, to the exclusion of the surviving members of the other two classes, and as long as she continues to be a resident of this State, even though she does not apply for the payment of such bonus, such members of the other two classes are likewise excluded from any right to such bonus.
If there is a child or there are children under sixteen years of age and a dependent parent or parents of the deceased veteran who survive him and all of them are residents of this State and such child applies or such children apply for payment of the bonus to which the deceased veteran would be entitled, if living, and if there is also an unremarried widow of such deceased veteran who, when application for the payment of such bonus is made by such child or children, is a nonresident of this State, such child or children is or are entitled to such bonus to the exclusion of such nonresident unremarried widow and such resident dependent parent or parents of such veteran, and as long as such child is or such children are a resident or residents of this State, even though none of them applies for the payment of such bonus, such nonresident widow and such dependent parent or parents are likewise excluded from any right to such bonus.
If there is or are a dependent parent or parents who is or are a resident or residents of this State who applies or apply for payment of the bonus to which the deceased veteran would be entitled, if living, and at the time such parent or parents makes or make such application there is no unremarried widow or child under sixteen years of age, of such deceased veteran, such parent or parents is or are entitled to such bonus; or if, at that time, there is an unremarried widow, or there is a child or there are children under the age of sixteen years, of such deceased veteran, who are nonresidents of this State, the resident dependant parent or parents of such deceased veteran is or are entitled to such bonus to the exclusion of any such widow, child, or children.
If there is no unremarried widow, child under sixteen years of age, or dependent parent of a deceased veteran, such bonus is not payable to any person; or if there is or are an unremarried widow, child, or children under sixteen years of age, or dependent parent or parents and none of them is a resident of this State such bonus may not be paid to any such nonresident of this State or to any other person.
The existence of a member of the first preferred class who may not be paid the bonus because such member is a nonresident of this State when a proper application is made does not defeat the claim to such bonus of a resident member or members of the second class; and the existence of a member of the first class and of members of the second class who may not be paid the bonus because they are nonresidents of this State when a proper application is made does not defeat the claim to such bonus of a resident member or members of the third class.
An elementary rule of construction is that, if possible, effect should be given to every part and to every word of a constitutional provision and that, unless there is some clear reason to the contrary, no part of the fundamental law should be regarded as superfluous. 11 Am.Jur., Constitutional Law, Section 55; State v. Harden, 62 W. Va. 313, 58 S.E. 715, 60 S.E. 394; State v. Kyle, 8 W.Va. 711; List v. City of Wheeling, 7 W.Va. 501; Marbury v. Madison, 1 Cranch (U.S.) 137, 2 L.Ed. 60; Myers v. United States, 272 U.S. 52, 47 S.Ct. 21, 71 *896 L.Ed. 160; State ex rel. Walker v. Bus, 135 Mo. 325, 36 S.W. 636, 33 L.R.A. 616; Lamar Water and Electric Light Company v. City of Lamar, 128 Mo. 188, 26 S.W. 1025, 31 S.W. 756, 32 L.R.A. 157. The interpretation placed by the Attorney General upon the constitutional provision relating to the payment of the bonus to certain designated surviving relatives of the deceased veteran is that if there should be an unremarried widow who is a nonresident of this State, a child or children under the age of sixteen years, if there be such child or children who is or are a resident or residents of this State, or, if there be no such child, there is or are a dependent parent or parents who is or are a resident or residents of this State, such child or children and such parent or parents of such deceased veteran, as the case may be, is or are deprived of any right to the payment of such bonus even though such nonresident widow is not qualified to receive such bonus. That construction ignores and renders superfluous the words "if such relatives are residents of this State when application for payment is made" which should be given effect and which clearly relate to and govern the status of the designated relatives of the veteran who alone may be paid the bonus to which the deceased veteran would be entitled, if living, and those relatives are expressly stated to be "Any unremarried widow, or if none, any child or children under the age of sixteen, or if none, any dependent parent or parents". Because the interpretation placed upon the provision by the Attorney General gives no force or effect to the express requirement that the widow or the child or the children or the dependent parent or parents of such veteran must in any event be a resident or residents of this State when application for the payment of the bonus is made the conclusion of the Attorney General is erroneous and his interpretation of the provision is not approved or adopted by this Court.
Under the provisions of the Veterans' Bonus Amendment to the Constitution of this State and Section 3, Chapter 197, Acts of the Legislature, 1951, Regular Session, the dependent parent of a deceased veteran is entitled to the payment of the bonus to which such veteran would be entitled, if living, when it appears that such dependent parent is a resident of this State, that there are no children of such veteran under the age of sixteen years, and that the unremarried widow of such veteran is a nonresident of this State and was such nonresident when application was made by such dependent parent for the payment of such bonus.
As the death of Winonah L. Flesher, the unremarried widow of the deceased veteran, Harry Edward Flesher, has not been established, and as the proof in this proceeding is not sufficient to render applicable the statutory presumption that she is dead, she must be regarded as still living. Because she is a nonresident of this State and was such nonresident at the time the application of the appellant for payment of the bonus was made she is not qualified to receive such bonus. The applicant is a resident of this State and the dependent parent of the deceased veteran and, as the widow is disqualified and as there are no children of such veteran, the applicant is entitled to the payment of the bonus for which he has applied.
The final order of the board of review and the order of the director denying the application of the appellant are reversed and set aside; and this proceeding is remanded to the director with instructions to pay the bonus to the applicant.
Reversed and remanded.