Per Curiam.

The court below was in error in charging the jury that section 341 of the Civil Practice Act placed the burden on the defendant insurance company to come forward with evidence to rebut the presumption of death because of the insured’s seven years’ absence. The “ due proof ” required as a condition precedent to an insured’s liability upon a policy of life insurance is not met by relying upon the presumption and by casting upon the insurer the burden of affirmatively proving that the insured was alive within the period of seven years ’ disappearance. While death in an action on an insurance policy may be established by proof of disappearance under circumstances that indicate death rather than concealment, the burden of proof in such situation is at all times upon the plaintiff. Such an action is not one of those ‘1 certain cases ’ ’ coming within the statute.
The verdict, moreover, was clearly against the weight of the evidence. The presumption could not arise, since the facts of the insured’s disappearance could not create “in reasonable *865 minds conflicting inferences”. (Stevens v. Metropolitan Life Ins. Co., 151 Misc. 676, affd. 241 App. Div. 857, affd. 266 N. Y. 485.)
The order and judgment appealed from should be reversed, with $30 costs, and the complaint dismissed, with costs, without prejudice, however, to the bringing of another action upon new proof.
Concur — Hecht, J. P., Steuer and Tilzer, JJ.
Order and judgment reversed, etc.